

1817.

Woods
vs
Schroeder

The plaintiff further gave evidence, that at the time of rendering the said account to the orphans court, there remained in the hands of said *Richardson* the amount of $1125 86. part of the assets of the said estate received by him in course of the administration, and retained by him as so much of the commission allowed by said second account, and that he refused to pay to the plaintiff any part of the said sum so retained by him, the commission so allowed by the orphans court on the administration of said estate. The defendant then gave in evidence, that the business of the administration of the said *Miles's* estate was done and transacted by the said *Richardson* only. The defendant then moved the court for their direction to the jury, that if they believe the evidence so offered, that then the plaintiff is not entitled to recover. But if they should be of opinion that the plaintiff is entitled, then to direct the jury that they may and ought, (if they believe the evidence,) abate the plaintiff's claim, by deducting therefrom such an amount as they should believe a reasonable compensation to be made by the plaintiff to the defendant, for the said *Richardson,* having solely done and transacted the business of said administration. But the Court, [*Bland,* A. J.] refused to give either of the directions above prayed, and was of opinion, and directed the jury, that the plaintiff was entitled to recover, and that the jury ought not to make any abatement from his demand because of the said *Richardson's* having solely done and transacted the business of the said administration. The defendant excepted; and the verdict and judgment being for the plaintiff, the defendant appealed to this court.

The cause was argued before BUCHANAN, JOHNSON, and DORSEY, J.

*Kell* and *R. Johnson,* for the Appellant, cited 1 *Com. on Cont.* 328. 2 *Com. on Cont.* 131. 3 *Bac. Ab.* tit. *Executors,* 32; and *Dale vs. Sollet,* 4 *Burr.* 2133.

*Winder,* for Appellee.

JUDGMENT AFFIRMED.

---

JUNE.

WOODS, *et al.* vs. SCHROEDER.

A check payable to bearer passes by delivery, and the bearer of it may sue on it as on an inland bill of exchange, and is entitled to recover in an action on it as such, and for money lent and advanced.

APPEAL from *Baltimore* County Court. *Assumpsit* on an inland bill of exchange payable to bearer, and for money lent and advanced. The general issue was pleaded.

The following case was stated and submitted to the court, viz. It is admitted that the check mentioned in the declaration, and herewith exhibited, to wit:

1817.
Woods
vs
Schroeder

"No. 283.                     Baltimore, 5th May, 1813.

Cashier of the Mechanics' Bank of Baltimore, pay to No. 283, or bearer, twenty three hundred sixty-four dollars and eighty two cents.

                              Wm. Woods & Son."

——————

2364 dolls. 82 cts.

Was given by the defendants, (now appellants,) and which is under the partnership signature, to a certain Casper Otto Muller, who on the day of the delivery thereof passed the same to the plaintiff. (the appellee,) for a valuable consideration. That Muller, in consideration of the delivery of the said check to him by the defendants, gave to them in exchange his own check for the sum of $2124 82 cents, and that he paid them the balance in the following manner, viz. $30 in cash, and the residue in a check of Wightman & Schade, for the sum of $210, which was paid to the defendants at maturity. That the plaintiff on the 5th of May 1813, presented the said check of the defendants for the said sum of $2364 82 cents, to Dennis A. Smith, the cashier of the Mechanics' Bank for payment, which was refused, because the defendants had no funds in bank; and also because the defendants had given directions to the said cashier not to honour the said check, of which non-payment the plaintiff duly notified the defendants. That the check of Casper Otto Muller for $2124 82 cents, so given in exchange to the defendants as above stated, was not paid by Muller at maturity. The county court gave judgment upon the statement of facts for the plaintiff; and the defendants appealed to this court.

The cause was argued before BUCHANAN, JOHNSON, and DORSEY, J.

Harper, for the Appellants, contended, 1. That there was no privity between them and the appellee on which an action could be founded.

2. That this check was not a negotiable paper which could pass by endorsement, and was not endorsed.

3. That it cannot be likened to an inland bill of exchange, drawn by the appellants on the bank in favour of Muller; but is a paper of altogether a different character, peculiar to the intercourse between banks and their customers; and

4. That if it could be assimilated to an inland bill of exchange, it could not pass without endorsement, and is not endorsed.

A. H. Boyd, for the Appellee. The check on which the suit is founded, was payable to bearer, and was passed to the appellee for full consideration, and without any notice of an objection to the payment of it by the appellants. It is contended by appellee, on what he believes to be the established principles of law,

1. That a check payable to bearer passes by delivery.

**1817.**

Howard
vs
Rogers

2. That the bearer may sue on it as on an inland bill of exchange, and is entitled to recover in this form of action.

He cited *Chitty on Bills*, 339, 340. *Boehme vs. Sterling*, 7 *T. R.* 423. *Cruger vs. Armstrong*, 3 *Johns. Cas.* 5. *Grant vs. Vaughan*, 3 *Burr.* 1516. *Hinton's* case, 1 *Shower's Rep.* 235.

JUDGMENT AFFIRMED.

---

JUNE

## HOWARD VS. ROGERS.

J E H by deed of bargain and sale, granted and conveyed to N R a lot or parcel of grou d. part of *Lunn's Lot*, and located it as "beginning for the same at the S W corner of E and G streets, and running thence S, binding on E street, 150 feet to C alley, thence W binding on C alley continued 300 feet, to P street, thence N binding on P street 150 feet to G street continued, which street bounds on the S, the square intended for public uses, thence E binding on said street from the said square to the beginning." On a bill filed in chancery by N R against J E H, for an injunction to restrain him from applying to private uses, the square intended for public uses, but that he should be obliged to keep it open for public purposes—Held, that it was the plain intention of the parties, to be collected from the words of the deed, that the lot therein described should pass, and all J E H's right and interest therein, and nothing else. In the construction of a deed the intention of the parties is to prevail if not incompatible with some rule or maxim of law. The intention is to be collected from the words of the deed as expressive of and defining the meaning of the parties. The deed is to be construed most favourably for the grantee, if there is any doubt about the meaning of the parties. Parol evidence is not to be admitted, nor extraneous circumstances introduced in the exposition of deeds, except in the single instance of a latent ambiguity.

APPEAL from a decree of the Court of Chancery. The appellant being the proprietor of all the lands around the public square in the city of *Baltimore*, as located on the several plots exhibited in the cause, and also of the grounds around the half square to the south of the public square, had, by deeds to *Goldsborough* and *Paca*, appropriated the square to public uses, and had declared and evinced the same in other contracts and acts, and particularly in plots which he had caused to be made of his property, and which plots had been copied into a map of the city, and its vicinity, published in the city in the year 1792. He afterwards, on the 25th of August 1796, made a conveyance to the appellee of a lot of ground in the following words: "Beginning for the same at the south west corner of *Eutaw* and *German streets*, and running thence south binding on *Eutaw street* one hundred and fifty feet to *Cider Alley*, thence west binding on *Cider Alley* continued three hundred feet to a street known by the name of *Paca-street*, thence north binding on *Paca-street* one hundred and fifty feet to *German-street* continued, which street bounds on the south the square intended for public uses, thence east binding on said street, and fronting the said square, to the beginning." There had been a deed prepared before and executed by the appellant, and delivered to the appellee, in which the expressions relative to the public square were omitted; and the appellee returned it to the appellant, objecting to it on that account, and requiring the words to be inserted for the purpose of giving his lot the privilege of fronting the square, and in consequence thereof the appellant caused a new deed to be drawn, containing the expressions above mentioned. The bill claimed that the appellant should be enjoined from applying that square to private uses, but should be obliged to keep it open for public purposes.

KILTY, Chancellor, (September term 1815.) The bill was filed to obtain an injunction against the defendant, restraining him from leasing, selling, improving, or building upon, a certain piece of ground alleged therein to