WILLIAM B. NORRIS and others, trading as NORRIS, CALWELL & CO., *vs.* BURTON DESPARD. BURTON DESPARD *vs.* WILLIAM B. NORRIS and others, trading as NORRIS, CALWELL & CO.

*What is required to be done by the Holder of a Check, in order to charge the Drawer.*

In an attachment on warrant against a non-resident, issued on the 1st of December, 1870, the short note stated that the object of the suit was to recover $128.00, with interest thereon from the 22nd of May, 1861, due and owing to the plaintiffs from the defendant on his check or draft for the sum aforesaid, bearing date at Clarksburg, Va., 22nd May, 1861, drawn on the Bank of Phillippi, Virginia, and payable to the order of John J. Davis, and by him endorsed to the plaintiffs for value, and which was unpaid by the bank. The defendant denied any indebtedness. The evidence showed that the check was drawn and endorsed as alleged; that it was never paid by the defendant; that it was never presented to the bank for payment, because the bank about the time the check was given had been removed, and by reason of the civil war at the time and the consequent interruption of mail communication between Baltimore and Phillippi, where the bank was located, the check could not be presented; that the check was given in payment of a debt due by the defendant's brother, of whom the defendant was executor with assets. There was no proof that the bank had not resumed business after the close of the war, and might not have paid the check, and no evidence that the plaintiffs ever afterwards presented the check to the bank, or that the defendant had no funds there to meet the check; nor was there any proof that notice of any sort was given to the defendant of its non-payment. HELD:

That the plaintiffs having failed to present the check to the bank, or to show any reasonable excuse for not doing so, and having failed to give the defendant notice of its non-payment, or to show that he sustained no injury in consequence, were not entitled to recover.

CROSS-APPEALS from the Baltimore City Court.

Attachment on warrant issued on the 1st of December, 1870, at the instance of the appellants, against the

appellee, a non-resident; affidavit, warrant, check and short note filed; "attached as per schedule;" defendant returned *non est;* copy of short note set up at the Court-house door. The short note alleged that the suit was instituted to recover the sum of $128.00 with interest thereon from the 22nd of May, 1861, due and owing from the defendant to the plaintiffs, on his check or draft, in words and figures, as follows: "$128.00. Clarksburg, Va., May 22, 1861. The Bank of Phillippi, Virginia, will pay to order of John J. Davis, Esq., one hundred and twenty-eight dollars, and charge B. Despard;" which check or draft was endorsed by the said Davis to the plaintiffs, for value, and the same was unpaid by said bank; whereupon the plaintiffs brought suit.

The defendant voluntarily appeared and pleaded that he was not indebted, and did not promise as alleged, and limitations. Issues were joined on the first and second pleas, and the plaintiffs moved to strike out the plea of limitations. This motion was granted by the Court, and the plea was stricken out.

*Plaintiffs' Exception.*—At the trial of the cause the plaintiffs, to support the issues on their part joined, offered certain evidence, which is sufficiently stated in the opinion of the Court, and then rested their case. The defendant thereupon, at the suggestion of the Court, (SCOTT, J.,) prayed the Court to instruct the jury that there was no evidence in the case upon which the plaintiffs could recover. This prayer the Court granted; and the plaintiffs excepted.

*Defendant's Exception.*—The defendant excepted to the ruling of the Court in striking out his plea of limitations. A verdict was rendered for the defendant, and judgment entered on the verdict. Both parties appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ROBINSON, J.

*J. Randolph Quinn,* for Norris, Calwell & Co.

The Court erred in withdrawing the case from the jury, as there was evidence tending to prove the issue on the part of the plaintiffs. This evidence should have been passed upon by the jury. *Byles on Bills,* (10*th Eng. Ed.*,) 19, 20, *or* 5*th Am. Ed.*, 93 ; *Davis, et al. vs. Barney,* 2 *G. & J.*, 382, 403 ; *Balt. & Ohio R. R. Co. vs. Thompson,* 10 *Md.*, 88 ; *Morrison vs. Whiteside,* 17 *Md.*, 452.

*A. C. Trippe,* for Despard.

The contract laid is not the contract proven. The contract laid is against the defendant personally. The contract proven is with the defendant as executor of his brother, and in that capacity he should be sued. 1 *Tidd's Prac.*, 61, 432 ; 1 *Chitty Pl.*, 57.

It had been five and a half years from the war to the institution of this suit, and yet the plaintiffs had made no demand on the Bank or the defendant. Even admitting the personal responsibility of the defendant, the plaintiffs must show affirmatively that the defendant has sustained no loss by his negligence. *Little vs. Phœnix Bank,* 2 *Hill,* 425 ; *Bradford vs. Fox,* 39 *Barbour,* 204.

The check is not sufficient "evidence of debt" under the attachment. It does not "express the plaintiffs' cause of action," as is required of the short note. The original cause of action should have been filed in the one case and declared on in the other. *Code, Art.* 45, *secs.* 4 *and* 10 ; *Ev. Pr.*, 162 ; *Cumberland Coal & Iron Co. vs. Hoffman Steam Coal Co.*, 22 *Md.*, 495.

The instruction by the Court was correct. There was nothing for the jury to find. The appellants have not been prejudiced by the ruling of the Court. No form of prayer would have enabled the plaintiffs to recover. *Morrison & Kildow vs. Hammond's Lessee,* 27 *Md.*, 604 ; *Walker vs. Rogers, Exc'x of Rogers,* 24 *Md.*, 247.

STEWART, J., delivered the opinion of the Court.

The appellee in this Court, having abandoned his appeal from the ruling below, striking out the plea of limitation, the only question for our review is as to the instruction upon the appellee's prayer, that there was no evidence in the cause upon which the plaintiffs could recover.

The cause of action was described in the short note required, in a proceeding originating in attachment, which substantially alleged the non-payment of a check, for the sum of $128, bearing date at Clarksburg, West Virginia, 22nd May, 1861, drawn by the appellee, on the Bank of Phillippi, Virginia, and payable to John J. Davis, or order, and by him endorsed to the plaintiffs, for value, and which was unpaid by the Bank.

The defendant denied any indebtedness.

There was evidence that the check was drawn and endorsed, as alleged, and that the same was never paid by the defendant; that it was never presented to the Bank for payment, because the Bank, about the time the check was given, had been removed, and that by reason of the civil war at the time and the interruption of mail communication between Baltimore and Phillippi, the check could not be presented—that the check was given in payment of a debt due by the defendant's brother, of whom he was said to be executor, with assets.

There was no proof that the Bank had not resumed business after the termination of the war, and might not have paid the check, but there was no evidence that the plaintiffs ever afterwards made any presentation of the check to the Bank, or that the defendant had no funds there to meet the check; nor was there any proof that notice of any sort was given to the defendant of the non-payment.

In *Moses vs. Franklin Bank of Baltimore*, 34 *Md.*, 574, it was decided that a check of this description possesses

properly certain incidents of an inland bill of exchange, and could be protested for non-payment.

Notice of non-acceptance and non-payment is required to be given that the drawer may take any necessary steps to protect his interest, under the circumstances, and if notice be not given, it is the presumption of law that he is injured by the omission.

In the application of the principle Courts must enquire into the liabilities of the respective parties to the check, for the purpose of ascertaining whether this injury, either actual or presumptive, could take place.

The drawer who has no effects in the hands of the drawee, is not entitled to notice. *Clopper's Adm'r vs. The Union Bank of Maryland*, 7 *H. & J.*, 102; *Eichelberger vs. Finley & Van Lear*, 7 *H. & J.*, 381.

The general rule is, that the holder in order to charge the drawer, is bound to present the check for payment, and to give notice to the drawer, within a reasonable time, unless these requisites are waived. *Chitty on Bills*, 379.

If due diligence is not used by the holder of a check, and loss ensues, it falls on the holder, by whose *laches* it has occurred. *Story on Prom. Notes, sec.* 493. If the plaintiffs could not present the check during the war, they might have presented it afterwards, or shewn some reasonable excuse for not doing so, and have given notice to the drawer.—*Lex non cogit ad impossibilia.*

If a bill cannot be presented in due time from some inevitable accident not involving the holder in any blame, as the occupation of the country in which the bill is drawn, by an enemy, rendering the presentment an impossibility, the delay will be excused; but the earliest possible presentment must be made when the impediment ceased. *Chitty on Bills*, 53.

Assuming that the circumstances relied upon in the proof were sufficient to excuse the plaintiffs for non-pre-

sentation of the check, certainly it was but just that they should give the defendant notice of the non-payment in reasonable time, before they brought their action, or to have shown that the defendant sustained no injury in consequence.

In the case stated in *Woods vs. Schroeder*, 4 *H. & J.*, 276, although the drawers of the check had given notice to the Bank not to pay the check ; from abundant caution and to guard against any inference of *laches* against the holders, it was alleged that the drawers were notified of the dishonor of the check.

The case of *Eichelberger vs. Finley*, 7 *H. & J.*, 381, very distinctly recognized the necessity of notice of the non-payment of the check to the drawer, unless some sufficient excuse be shown for dispensing with it, as if the drawer at the time when presentment should be made, had no effects in the hands of the drawee, or having such effects, should withdraw them before presentment, and should have no reasonable grounds to expect that his bill would be honored. The plaintiffs' case was fatally defective in failing to furnish the material evidence to show the defendant's liability, and we therefore find no error in the instruction given by the Baltimore City Court.

                                        *Judgment affirmed.*

(Decided 2nd July, 1873.)