# DAVID A. DANNER *vs*. THE STATE OF MARY-LAND.

*Constitutional  Law— Trial  by  Jury—Infamous  Punishment—Petit Larceny— Waiver  of  Jury  Trial.*

The Declaration of Rights provides that in all criminal prosecutions every man hath the right to a speedy trial by an impartial jury, without whose unanimous consent he should not be found guilty ; also that the people of this State are entitled to a trial by jury according to the course of the common law.  *Held*, that under these provisions a trial by jury cannot be denied by statute in the trial of an offence, when the person convicted is liable to infamous punishment, and confinement in the penitentiary is an infamous punishment.

Under Code, Art. 27, sec. 157, the offence of petit larceny is punishable by confinement in the penitentiary or jail for not more than eighteen months, at the discretion of the Court.  The Act of 1896, ch. 128, provides that in certain counties Justices ·of the Peace shall have concurrent jurisdiction with Circuit Courts for the trial of certain offences, including petit larceny, with power to pass sentence, provided that when the accused is brought before the Justice, neither he nor the State's Attorney shall pray a jury trial.  *Held*, that this Act, in so far as it confers jurisdiction upon the Justice of the Peace to try cases of petit larceny and pass sentence, is unconstitutional, and that a waiver of a jury trial before a Justice by a person accused of that offence, does not prevent him from demanding a jury trial upon appeal to the Circuit Court.

Appeal from the Circuit Court for Carroll County (JONES and REVELL, JJ.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, PEARCE and SCHMUCKER, JJ.

*James A. C. Bond* (with whom was *David N. Henning* and *Francis Neale Parke* on the brief ), for the appellant.

The statute allows an appeal from the Justice to the Circuit Court.   What is the Circuit Court but a common law tribunal composed of Judges and jurors?  To which all the citizens of the State, especially those charged with the crime of felony, are entitled by the Constitution and Laws to go

and have their cases tried *by a jury.* The jury is as much a part of such a tribunal as the Judges who preside. By what practice of construction or system of reasoning then can the Court undertake to construe away the jury, the integral part of the Court itself, and put on trial before the Judges, a branch thereof? His right under the Act accentuates an appeal to the Circuit Court as a body in its completeness. The deprivation of a jury to the appellant, in this case, we respectfully submit, was a palpable invasion of his hitherto unquestionable right by an unwarranted misconstruction of the Act itself; and was an unconstitutional exercise of judgment in the Court. It is held in some States that the Legislature may invest a magistrate with power to hear and decide criminal cases, without the aid of a jury, but none hold that is a constitutional exercise of power, without an appeal being allowed to a Court *having a jury.* If this Act had not provided an appeal to a Court *with a jury*, it would be flagrantly unconstitutional, and stricken down at once as at war with a most essential part of our judicial system; as an assault upon Anglo-Saxon justice. " In criminal cases there is no substitute for the jury that would be acceptable to the profession or endured by the people." *Dillon*, 4th Yale Lecture, p. 124. " A magistrate may be invested with power to try and sentence an accused, if he has an unqualified and unfettered right of appeal and a *trial by jury in the appellate Court.*" 6 *Am. & Eng. Ency. of Law* (2nd ed.) 985, where the decisions on the subject, *pro* and *con*, are collected. Maryland followed late in this *questionable* legislation, enacting its first law in 1890, ch. 618, and following it up by amendments, 1892, ch. 485 ; 1894, ch. 338, and finally this act in question.

The charge against the appellant being of the grade of felony, he was entitled to a jury trial on his demand, and a denial of it is the error occasioning this appeal. No case of the kind was ever before this Court. " On a charge of criminal conspiracy a prisoner has a right to jury trial from the first moment and in *whatever Court* he is put on trial

for the offence charged." *Callan* v. *Wilson*, 127 U. S. 540.
" If in a lower Court one has had a jury trial and appeals
to a higher *Nisi Prius* Court, he cannot be deprived of a *jury
trial.*" *McGinty* v. *Carter*, 48 N. J. L. 113 ; *Cooley's Const.
Lim.* (6th ed.), 504, 505, 506 and notes ; *Hare's American
Constitutional Law,* vol. II, p. 867.   " Generally, in all
criminal cases cognizable before justices, the accused may
appeal from a judgment against him, and in some States even
when he has pleaded guilty.   An appeal suspends the effect
of the judgment until final judgment in the Appellate Court,
and the case is tried *de novo* in the Appellate Court, on the
original complaint, and if it should be deemed defective, it
may there be amended, for the defendant is placed in the
same condition *as if no trial had been had.*"   12 *Am. & Eng.
Ency. of Law*, 414, 479, 488.·

Harry M. Clabaugh, *Attorney-General*, for the appellee.

PAGE, J., delivered the opinion of the Court.

This appeal is from the refusal of the Circuit Court of
Carroll County to allow the appellant to be tried by a jury.

The appellant was arrested and taken before a Justice of
the Peace of that county, charged with having stolen a lot
of corn, of the value of one dollar.   The State's Attorney
and the accused having waived a jury trial, trial was had
and the accused was found guilty and sentenced to jail for
thirty days.   He thereupon appealed to the Circuit Court,
and at the trial therein, prayed to be tried by a jury, but
the Court, " on the construction and validity of the Act of
1896, chapter 128," refused him a jury, " because it ap-
peared from the proceedings before the magistrate, and as a
fact, that the accused had .at the trial before the Justice of
the Peace waived his right to a jury trial."

The Act thus referred to provides that Justices of the
Peace in the State of Maryland (except in Baltimore City
and in certain counties, not including Carroll, therein men-
tioned) " shall have, in addition to the jurisdiction which
they now possess, and which may be conferred on them by

or under the laws of this State, jurisdiction concurrent with that exercised by the Circuit Courts for the several counties of this State, in all cases of assault without any felonious intent, and of assault and battery; in all cases of petty larceny, when the value of the property stolen does not exceed the sum of five dollars, and of misdemeanors not punishable by confinement in the penitentiary;" and also in proceedings for the recovery of any penalty for doing or omitting to do any act, the doing or omitting to do which is made punishable under the law of the State by a pecuniary fine or penalty, or by imprisonment in jail or in the House of Correction; and shall have power to issue process and to do all acts, necessary to the exercise of said jurisdiction, and to try and determine and pronounce sentence and judgment, " in the same manner and to the extent as the Circuit Courts for said counties could in such cases, if said cases were tried before said Circuit Courts without the investigation of a jury; provided, however, that if any person when brought before any such Justice having jurisdiction of the case shall, before trial for the alleged offence, pray a jury trial, or if the State's Attorney for said county shall before trial of such alleged offence pray a jury trial on the part of the State, it shall be the duty of any such Justice to commit such alleged offender for trial in the Circuit Court for the county in which the offence was committed, at the next session, &c., and the Justice before whom the case is tried, shall inform the person charged of his right to a jury trial, &c." The Act also accords to " either party " a right of appeal to the Circuit Court, and if the judgment is against the accused, and he shall appeal, he must enter into recognizance with security to be approved by the Justice.

It would seem to be clear that the general scope and purpose of this law was to confer jurisdiction on the magistrate to hear and finally determine, only in such minor offences as were punishable by imprisonment in the jail or House of Correction or by pecuniary fine. Cases of assault with felonious intent, and of misdemeanors punishable by

confinement in the penitentiary, are excluded in express terms ; and by no kind of construction of its provisions can it be held to include offences of a capital or infamous character. That petit larceny should be included in the list of the cases triable by a magistrate, must be regarded as an exception to the general purpose, as expressed in the Act. It may possibly be accounted for by the fact that by the common law of England and in some of the States of the United States petit larceny, though a felony, was regarded as a minor offence not punishable by an infamous penalty ; and was therefore not to be classified with capital and infamous crimes when the right of the accused to a jury trial was being considered. In England at common law theft below the value of twelve pence was punishable by imprisonment or whipping. *4 Blackstone Com.*, *237*. In New York the Constitution of the State does not require a jury trial in cases of petit larceny and of other offences " not infamous," as in cases of vagrants, &c. *Duffy* v. *The People*, 6 Hill, *75* ; *Commonwealth* v. *Waterborough*, 5 Mass. 259 ; *State* v. *Kittery*, 5 Greenleaf, 254.

But under the statutes in force in the State of Maryland, the offence of petit larceny cannot be classed with misdemeanors. By Sec. 1.57 (also 156) of Article 27 of the Code, in such cases the " order and course of the trial shall be had and observed as for other simple larcenies," and upon conviction the party shall restore the chattels stolen, and be sentenced to the penitentiary or to the jail, for not more than eighteen months, at the discretion of the Court." By the terms of the Act now under consideration, the Justice may pronounce sentence, " in the same manner and to the same extent as the Circuit Courts," &c. So that the paramount inquiry now before us is whether, under the provisions of the Constitution, it is within the legislative power to confer upon a single Justice of the Peace authority to try and convict, without a jury, in a case where the party charged may be deprived, upon conviction, of his liberty and be consigned

to a term of not exceeding eighteen months in the penitentiary?

The provisions of the Declaration of Rights which were intended to safeguard the rights of the people to the privilege of trial by jury are, that the people are "entitled to the common law of England, and the trial by jury, according to the course of that law," (*Dec. of Rights*, Art. 5;) "that in all criminal prosecutions every man hath a right to be informed of the accusation against him; to have a copy of the indictment or charge in due time to prepare for his defence, &c., and to a speedy trial by an impartial jury without whose unanimous consent he ought not to be found guilty," (Art. 21); "that no man ought to be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property but by the judgment of his peers, or by the law of the land," (Art. 23.) The meaning of these provisions was clearly stated by this Court in the case of *The State* v. *Glenn*, 54 Md. 601. "When it is declared that the party accused has the right to be informed of the charge against him, and to a copy of the indictment or charges, if required, to enable him to prepare for his defence, that simply means that no prosecution can be conducted in secret; but that all prosecutions shall be open and public, upon specific charges set forth by way of indictment, or in such form as the nature of the prosecution may require; and that the party shall not be denied full opportunity to make his defence. And when it is declared that the party is entitled to a speedy trial by an impartial jury, that must be understood as referring to such crimes and accusations as have, by the regular course of the law and the established modes of procedure, as theretofore practised, been the subjects of a jury trial. * * * The design, manifestly, * * was simply to declare and make firm the pre-existing rights of the people, as those rights had been established by usage and the settled course of the law." Almost all of the Constitutions of the various States of the Union contain

similar provisions, and it is everywhere held that the effect of them, unless particular exceptions are made, is to preserve the common law right of trial by jury with such incidents as are essential elements of the right. *Cooley Const. Lim.*, 319–410 (marg. pages); *Proffat on Jury Trials*, secs. 86, 87. The right to demand a jury trial, being as we have thus seen guaranteed only to such crimes and accusations as have by the regular course of the law and established mode of procedure as theretofore practised, it becomes necessary to inquire as to what class of offences entitle the party to its enjoyment. It is clear that it cannot be demanded in many minor offences. These could always be reached by summary proceedings. *State* v. *Glenn (supra);* but it is difficult to define with precision the class of cases that could be so tried. It may, however, be stated as a general rule that for any criminal offence for which a person is liable to infamous punishment, a trial by jury cannot be denied him. *Proffatt on Jury Trial*, sec. 96. It cannot be questioned that confinement in the penitentiary is an infamous punishment. " If it is not," said JUSTICE SHAW, " there is no infamous punishment other than capital." *Jones* v. *Robbins*, 8 Gray, 349 ; *Ex parte Wilson*, 114 U. S. 429.

But it is contended that the appellant's right to a trial by jury is gratified in this case by the appeal which the statute permits to the Circuit Court. There is a class of cases in which it is held that when an appeal is allowed from the inferior tribunal to a Court where the party may obtain a jury trial, the constitutional safeguards have not been encroached upon. But the cases cited to sustain this position are mostly if not altogether civil cases, or prosecutions for minor offences. One of these, is *Steuart* v. *Mayor, &c.*, 7 Md. 500, where it was held that the extension of the jurisdiction of magistrates in matters of contracts and torts, the right of trial by jury was preserved by an appeal to the Circuit Court, but in none of them, so far as we have been informed, has it ever been attempted to confer upon a

magistrate or a tribunal of like character, jurisdiction to hear and determine cases punishable by a capital or infamous punishment. *State* v. *Brennan's Liquors*, 25 Conn. 278; *McGear* v. *Woodruff*, 33 N. J. L. 216; *Jones* v. *Robbins*, 8 Gray, 329; *Byers* v. *Commonwealth*, 42 Pa. St. 94. For other cases see *Am. & Eng. Enc. of Law*, vol. 6, page 685, and *Proffatt on Jury Trial*, sec. 101, and notes.

The right of parties charged with capital or infamous crimes is more extensive than in civil controversies or in prosecutions for misdemeanors of minor importance. The 23rd Article guards the right of a party charged with gross crimes, by declaring that no man ought " in any manner be destroyed or deprived of his life, liberty or property, but by the judgment of his peers and the law of the land." Of the words " law of the land," used originally in Magna Charta, CHANCELLOR KENT observes that " they must be understood to mean, 'due process of law,' that is, by indictment or presentment of good and lawful men and this, says LORD COKE (*2 Inst. 50*), 'is the true sense and exposition of these words.' "2 *Kent Com.*, part 4, page 13. *Jones* v. *Robbins* (*supra*); 4 *Blackstone Com.* 410. At least as far back as the reign of Edward the Third there has existed " the separation of the accusing from the trying jury." (*Proffatt on Jury Trials*, sec. 34) and the function of the former, the Grand Jury, has always been to ascertain if there be a *prima facie* case against an accused, so that he shall be secure from prosecutions which may be influenced by prejudice or malice. In *Jones* v. *Robbins*, *supra*, JUSTICE SHAW said, " The right of individual citizens to be secure from an open and public accusation of crime, and from the trouble, expense and anxiety of a public trial, before a probable cause is established by the presentment and indictment of a Grand Jury in cases of high offence, is justly regarded as one of the securities to the innocent against hasty, malicious and oppressive public prosecutions, and as one of the ancient immunities and privileges of English liberty."

In *Callan* v. *Wilson*, 127 U. S. 540, the Court was inquiring into the right of the defendant to a trial by jury, in a case where a party was tried before a Police Court, without a jury, but with a right of appeal to a tribunal having a jury and in pronouncing upon the clauses of the Federal Constitution having relation to the subject, said : " The guarantee of an impartial jury to the accused　*　*　*　secures to him the right to enjoy that mode of trial from the first moment, and in whatever Court he is put on trial." *Ex parte Wilson*, 114 U. S. 417–429. *Proffatt on Jury Trial*, secs. 97, 98. The case of *Kane* v. *State*, 70 Md. 553, relied on by the State, is not pertinent to this case. There the charge made before the Justice was a misdemeanor of a minor character. The only question, with reference to the statute on which the proceeding was based, was as to the accused's right of appeal, and the Court said that having waived his right to trial by jury and elected to be tried by the magistrate, there was no right of appeal ("except where there is a failure or want of jurisdiction,") which the statute had not conferred. In the case at bar the appellant was charged with a felony, punishable by confinement in the penitentiary of the State, and because of that fact we are of opinion the Legislature had no power to confer upon a magistrate jurisdiction to try and determine it, and upon conviction to sentence the accused.

The record before us shows that the accused, before he was tried by the magistrate, waived a jury trial. Now, aside from the well-established rule that jurisdiction not granted by law cannot be conferred upon a Court by consent, (*Price* v. *Hobbs*, 47 Md. 379), it may be proper to examine into the nature and extent of the alleged waiver. The Act, after conferring power and authority upon the magistrate to try and determine the cases mentioned, and pronounce sentence therein, provides that " if any person brought before him shall, before trial,　*　*　pray a jury trial, it shall be the duty of any such Justice to commit such alleged offender for trial in the Circuit Court," &c. There is no obliga-

tion put upon the Justice to make inquiry as to the probable guilt of the accused, nor is the latter accorded the privilege of demanding such an inquiry.  It is to be assumed there exists such probable cause, and the Justice by the terms of the Act must so treat the matter.  The situation, therefore, with which the accused in this case was confronted when brought before the Justice was this: he was compelled either to forego his constitutional right to a trial by an impartial jury, or else submit to be committed to await the convening of a Court, that might not hold its next session for weeks or months thereafter.  Being put to this distressing alternative, he may have felt compelled to elect a trial before the Justice rather than be held for a considerable period, subject to the charge and without an opportunity of vindicating himself if he could.  To call that a waiver on the part of one who has a constitutional right to a jury in the first Court in which he is put on trial, is a misuse of terms.  His action under such circumstances is not the prompting of an unfettered will, but is more nearly the result of a species of legal duress.  Common justice would seem to require that a waiver obtained under such conditions ought not to be so applied as that valuable constitutional rights shall by reason thereof be lost or impaired.

For these reasons, we are of the opinion that the Act in question, so far as it undertakes to confer jurisdiction upon a Justice of the Peace to try and determine cases of petit larceny in this State, is unconstitutional and void.

The judgment must therefore be reversed.

*Judgment reversed.*