# PATSIE LANCASTER *vs.* THE STATE OF MARYLAND.

*Summary Trial of Criminal Case by Police Justice When Jury Trial is Waived—Constitutional Law—Certiorari.*

The Act of 1894, ch. 281, confers upon police justices of the peace in Baltimore City jurisdiction to try and pass sentence in cases of assault and battery, not punishable by confinement in the penitentiary, when the accused waives his right to a trial by jury. *Held*, that the Act is valid and does not deprive the accused of his constitutional right to a jury trial.

When a justice of the peace has jurisdiction to try a case, mere irregularities in the proceedings before him can only be reviewed upon an appeal from his judgment. The writ of *certiorari* does not lie to determine the regularity of the proceedings in such a case.

Appeal from the Baltimore City Court (DOBLER, J.)

The cause was submitted to the Court on briefs by:

*George M. Lane* and *David D. Dickson*, for the appellant.

An Act of the Legislature conferring jurisdiction on a justice of the peace to try an assault and battery case is unconstitutional and void. *Work* v. *State*, 2 Ohio St. 296; *State* v. *Moss*, 2 Jones L. (N. C.) 66; *State* v. *Stewart*, 89 N. C. 563; *State* v. `Holt*, 90 N. C. 749. The crime is not a petit offence. *State* v. *Stewart, supra.*

It is said that summary conviction is a creature of statutory law, as the common law is a stranger to it. 4 *Bl. Com.*, 280; *Glenn* v. *State*, 54 Md. 601. Acquiescence in the judgment does not confer jurisdiction when not granted by law. *Harris* v. *People*, 128 Ill. 585; *State* v. *Moss, supra; Danner* v. *State*, 89 Md. 220. The very purpose of the Constitution is to preserve the trial by jury wherever the common law gave it. *Van Sevarton* v. *Com.*, 24 Pa. St. 133; *Cap. Traction Co.* v. *Hof*, 174 U. S. 1, 8. The right to a jury trial in misdemeanors is secured by the Constitu-

tion, and cannot be taken away by the Legislature. *People* v. *Toynbee*, 2 Park. Cr. R. 329; *People* v. *Johnson*, 2 Park. Cr. R. 322; *Story, Con. Com.*, vol. 2, sec. 1779.

It is respectfully submitted that the conviction in this case ought to be quashed, and that the rulings of the lower Court are erroneous : (1.) Because the conviction is uncertain, there being two returns, one for assault and the other for assault and battery. (2.) Because it is error to admit an amended return to be filed which *dehors* the only record the justice certified to be true. (3.) Because it is dangerous to allow an amended return from the memory of the justice which is not contained in his record. (4.) Because there is no proper waiver of jury trial, either by the petitioner or the State's attorney, as provided by the Act of 1894, which only would have given jurisdiction. (5.) Because a sentence equal to life-imprisonment may be imposed and a person may be deprived of his life or liberty without due process of law and judgment of his peers. (6.) Because the penalty is cruel and inhuman. (7.) Because she was never discharged, dismissed or acquitted of the charge of assault with intent to kill. (8.) Because the Act of 1894, chapter 281, is unconstitutional and void, so far as it attempts to confer jurisdiction upon justice of the peace to try and determine cases of assault and battery.

*George R. Gaither, Jr., Attorney-General,* and *George W. Cameron,* for the appellee.

The question arising on this appeal is whether the Act of 1894, ch. 261, giving to the police justices of Baltimore City jurisdiction to try and determine cases of assault and assault and battery, the accused being informed of his right to a trial by jury, and waiving that right, is unconstitutional. This question was gone into very thoroughly in the *Glenn case,* in 54 Md., where, in the fifth section of Attorney-General Gwinn's argument, he treats exhaustively of the powers of justice of the peace, and shows in a number of States having Constitutions identical with our own, that justices have sum-

mary jurisdiction in cases of assault and assault and battery. Later, in *Kane* v. *State*, 70 Md. 546, this Court again discussed this question, it having come up before them on the constitutionalty of the Act of 1884, chapter 510, an Act similar to the one now under discussion.

The case of *Danner* v. *State*, 89 Md. 220, is not in point because there the offence was a felony punishable by confinement in the penitentiary.

A Constitution will be construed by the Courts, according to the sense in which the people are supposed to have construed its language, and also with reference to the previous legislation of the State. *Mayor* v. *State*, 15 Md. 376, 459; *Manly* v. *State*, 7 Md. 135. Accordingly, in addition to those statutes on this subject, which were cited by Attorney-General Gwinn in his argument in the *Glenn case*, we ask your consideration of the following Acts of Assembly, and particularly to the Acts passed during the year 1835; 1805, *chapter*, 80; 1821, *chapters* 229, 249; 1835, *chapters* 75, 201, 397; 1836, *chapter* 275; 1839, *chapter* 106.

In *United States* v. *Rathborne and others*, 2 Paines, C. C. Reports, 578, it is said: "The right of trial by jury secured by the Constitution of the United States is for the benefit of the parties litigating in the Courts of Justice, and as a privilege, they may dispense with, if they choose." See also *Bank of Columbia* v. *Oakely*, 4 Wheaton, 235, 244.

The State claims that when Lancaster came before the justice of the peace and elected to be tried by the justice of the peace, and was so tried, there was no violation of the Constitution of this State. The Act provides in express terms that the accused may have her choice of two modes of trial—either before the justice or before a jury, as she may think proper, and if she supposed a trial before a justice to be the safer and speedier mode of trial, and expressly waived her right of trial by jury, and requested that the justice should try the issue, as he did, it is hard to see how her right of trial by jury was violated. The provisions of

the Constitution were intended to limit the powers of the Legislature in this particular, and prohibit it from depriving the accused of the right to have a jury of twelve impartial men to pass on his guilt or innocence. The right still existed; she did not choose to avail herself of it, and now after trial, and after she is found guilty, she says : " I have been deprived of my rights to a jury trial." Who deprived her of that right? Surely not the Court nor the statute. She has clearly waived her right and then claims that the law is unconstitutional and void, because it permitted her to do so. *State* v. *Warden*, 64 Conn. 349 ; *Murphy* v. *State*, 79 Ind. 579; *Lavery* v. *Com.*, 101 Pa. St. 560 ; *Langbein* v. *State*, 37 Texas, 162 ; *In re Staaf*, 63 Wis. 285.

BRISCOE, J., delivered the opinion of the Court.

It appears from the record in this case that the appellant, Patsie Lancaster, was charged, on the 28th of April, 1899, before Eugene E. Grannan, a police justice, at the Criminal Police Station, Baltimore, with assaulting and striking one Rebecca Hooff, with intent to kill. On the 19th of May, 1899, the words " with intent to kill," were stricken out by the justice and the case was heard on the charge of assault. The appellant was adjudged guilty and sentenced to serve eighteen months in jail and to pay a fine of ten dollars and costs.

The proceedings were brought in the Court below by writ of *certiorari*, and from the ruling of the Court in granting a motion to quash the writ, this appeal has been taken.

By the amended return to the writ, the following proceedings appear to have been had before the justice : " On the 19th day of May, 1899, the appellant, Patsie Lancaster, was brought before a justice of the peace of the State of Maryland, in and for the city of Baltimore, and duly assigned by the Governor of the State to sit at the Central Police Station of the said city ; that on the 19th day of May the charge was changed from assault with intent to kill to simple assault on the said Rebecca Hooff; that Patsie Lancaster

was informed by me of her right to a trial by jury, where-upon she expressed her desire to have the case tried by me; the case was then heard by me and she was adjudged guilty and sentenced by me to serve eighteen months in jail and to pay a fine of ten dollars and costs, as will appear by reference to the return filed by me in the case, and of which this return is prayed to be taken as a part."

It is contended upon the part of the appellant: *First,* that the proceedings before the police justice were defective and irregular, and therefore the judgment is void. *Second,* that the Act of 1894, chapter 281, conferring upon the police justices of Baltimore City, jurisdiction to hear and try cases of assault and battery, is unconstitutional. Now it clearly appears from the record of proceedings, that the justice had jurisdiction of the person and the subject-matter, and having acted within the limits of this jurisdiction, the Court below committed no error in quashing the writ of *certiorari.* In *Kane* v. *State,* 70 Md. 552, it is said : " If it appear that jurisdiction was obtained both of the person and subject-matter, and that such jurisdiction had not been exceeded, the validity of the judgment rendered will not be affected by the fact that there may have been irregularites and want of form in the proceeding upon which the judgment is founded   *   *. Such irregularities or want of form in the proceedings can only be corrected on appeal, in cases where that mode of review is allowed. The writ of *certiorari* is issued upon the allegation of the want of jurisdiction in the magistrate, or that he has transcended his powers in taking the proceedings complained of, and the Court, upon the return of the writ, does not investigate the merits of the case, but only determines whether the magistrate has acted within the limits of the power or jurisdiction conferred upon him." *Williamson* v. *Carnan,* 1 G. & J. 196 ; *Gaither* v. *Watkins et al.,* 66 Md. 576.

There can be no question since the decision of this Court in the case of *State* v. *Glenn,* 54 Md. 599, and *Danner* v. *State,* 89 Md. 220, that the Legislature can, under the pro-

visions of the Constitution of this State, confer summary jurisdiction upon justices of the peace to try persons for assaults and batteries. In the recent case of *Danner* v. *State*, 89 Md. 220, this Court said, in passing on a similar statute, that it would seem to be clear that the general scope and purpose of the law was to confer jurisdiction on the magistrate to hear and finally determine only in such minor offences as were punishable by imprisonment in the jail or house of correction, or by pecuniary fine. Cases of assault with felonious intent, and of misdemeanors punishable by confinement in the penitentiary are excluded in express terms and by no kind of construction of its provisions can it be held to include offences of a capital or infamous character. And in *State* v. *Glenn, supra,* it is said that statutes conferring similar jurisdiction, ". have all co-existed with the several Constitutions of the State ; and in the various cases that have occurred, involving their provisions, we have never heard it contended that the proceedings thereby authorized were not constitutional, because the trial by jury was not provided for, either in the first instance or by an appeal. The framers of all our Constitutions were well acquainted with the history of legislation in regard to the exercise of summary jurisdiction, both in England and in this State, and of the needs of society for summary protection against the vicious, idle, &c., and disorderly portion of its members, and it is difficult to suppose that by any provision incorporated in those instruments, it was intended to nullify previous legislation, altogether interdict the use of a long and well-established summary jurisdiction for the protection of society, and thus radically change and seriously impair the whole police system of the State." Being, then, of opinion that the Act of 1894, chapter 281 was a valid exercise of legislative power, and that the police justices of Baltimore have jurisdiction to hear, try and determine cases of persons brought before them charged with assault, or with assault and battery, as provided by the Act, we shall affirm the rulings of the Court below. *Order affirmed with costs.*

(Decided December 6th, 1899).