# MACPHERSON CRICHTON *vs.* STATE OF MARY-LAND.

*Justices of the peace; jurisdiction; appeals; writ of certiorari;*
*defective warrant.   Motor vehicles; license law;*
*Act of 1910, Chapter 207.*

Ordinarily where the writ of *certiorari* will lie at all it should be applied for and issued before the proceedings have culminated in a judgment; for the chief object of the writ is to stay the exercise of authority by an inferior tribunal until its jurisdiction can be determined.                         p. 426

The legislature has the power to confer upon justices of the peace jurisdiction to hear and determine certain classes of cases, such as the violation of the provisions of section 140 b and 140 c of Article 56 of the Code of Public General Laws, title "Licenses", sub-title "Motor Vehicles", and of the Acts of 1910, Chapter 207, amending the same, especially when the right of appeal is given to Courts where jury trials can be had.                                                   p. 427

The Act of 1910, Chapter 207, relating to motor vehicles, giving to justices of the peace and to the committing magistrates in Baltimore City jurisdiction to hear and determine complaints and imposes fines for the violation of the statute, applies to Baltimore City and to all the counties.       p. 429

The Act of 1910, Chapter 207, repeals the Act of 1906, Chapter 478, which provided that in Baltimore City and certain counties anyone taken before a justice of the peace or police justice for the violation of the provisions of the act, could at once demand a jury trial, without first having been tried by the justice of the peace.                          pp. 428-429

A party taken into custody for the violation of the provisions of the Act of 1910, Chapter 207, relating to motor vehicles,

is not entitled to a writ of *certiorari* by reason of the justice refusing to grant a jury trial.                              p. 429

The writ of *certiorari* is not a writ of right.              p. 429

The writ of *certiorari* lies within the discretion of the Court, and should not be granted in a case where the party has the right of appeal, except for the purpose of testing the jurisdiction of the lower tribunal.                              p. 430

Under the Act of 1910, Chapter 207, violators of its provisions may be taken into custody without a warrant.      p. 431

In a case where one charged with violating the provisions relating to motor vehicles, the warrant did not show that the justice of the peace had jurisdiction as "the nearest justice of the peace", as it was alleged an observance of the provisions of the statute required. *Held,* that the object of the law was a speedy hearing, and not to unnecessarily inconvenience the accused, but that the jurisdiction of the justice before whom the accused was brought was not ousted by the fact that another justice may have been somewhat nearer.
                                          pp. 431-432

Statutes must receive a reasonable interpretation.        p. 431

Where the statute giving to justices of the peace jurisdiction to hear and determine cases of violation of law give to the accused the right of appeal from their decisions, the writ of *certiorari* should not be granted, merely because of some technical defects or irregularities in the warrants or proceedings.
                                                p. 433

If the warrants utterly fail to show any violation of law, or place a construction on the law which is not authorized, there may be ground for issuing a writ of *certiorari*.        p. 433

In an indictment created by statute it is generally sufficient to describe it in the language of the statute.          p. 433

The warrants or charges for violations of Chapter 207, section 140 c of the Acts of 1910, relating to motor vehicles, ought to state with reasonable certainty the nature of the charge.                                          p. 434

Justices of the peace, by our Constitution, are part of the judiciary in whom the judicial power of the State is vested; they are not required to be learned in the law and their jurisdiction is limited, but they are presumed to act fairly and honestly.           p. 434

A writ of *certiorari* should not be granted on an *ex parte* proceeding, based on the alleged personal conduct or misconduct of the justice or other inferior Court, alleging matters which he had not opportunity to explain or act upon; in such a case the lower tribunal should have at least an opportunity to answer the application for the writ and an order to show cause should first be passed.           p. 435

*Decided April 5th, 1911.*

Appeal from the Circuit Court for Charles County (BEALL, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, PATTISON and URNER, JJ.

*L. Allison Wilmer,* for the appellant.

*Isaac Lobe Straus, Attorney-General,* and *Walter D. Eiseman,* for the appellee.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from the action of the lower Court in quashing a writ of *certiorari* previously issued by its order, at the instance of the appellant. The writ was directed to Henry G. Robertson, a justice of the peace for Charles county, who had issued three warrants against the appellant under which he had been apprehended and taken before said justice. Two of the warrants were intended to charge violations of section 140 B of Article 56 of the Code, title "Licenses", sub-title "Motor Vehicles", as amended by Chapter 207 of the Acts of 1910, and the third was for an alleged violation of section 140 c of that Article, as so amended. The appellant through his attorney demanded a trial by jury,

which was denied by the justice, on the ground that justices
of the peace had summary jurisdiction to try such cases, and
the accused only had the right of trial by jury on appeal from
the judgment of the justice, in case of conviction. He gave
bail for his appearance before the justice on September 14,
1910, for which time the cases were set for trial, but on
September 13th the writ of *certiorari* was ordered and issued.

The grounds relied on by the appellant in this Court are,
that the said justice of the peace was without jurisdiction to
hear and determine the cases upon the three warrants, for
the following reasons, as set out in his brief: "1. Because of
the prayer for a jury trial in each and every case, and on
account of the nature of the offenses attempted to be charged
in said warrants, coupled with attendant circumstances. 2.
Because of the interest of the said justice of the peace as
prosecutor, and of his bias against the appellant, as narrated
in the petition. 3. Because in none of the three warrants
is any offense charged upon which the appellant may be held
or for which he can be tried. 4. Because the jurisdiction of
the justice of the peace 'as the nearest justice of the peace'
does not affirmatively appear from the face of the proceed-
ings, if section 140 P of Chapter 207 of the Acts of 1910 be
held to apply in the cases upon the three warrants."

1. Before proceeding with the discussion of those reasons,
it is proper to say that the motion of the state's attorney
for Charles county to dismiss the petition for the writ of
*certiorari* on the ground that there had been no final adjudica-
tion of the matters depending before the justice of the peace,
was properly denied. "Ordinarily, where the writ will lie
at all, it should be applied for and be issued before the pro-
ceedings have culminated in a judgment, for the chief object
of the writ is to stay the exercise of authority by the inferior
tribunal until its jurisdiction in the premises can be deter-
mined by the superior Court", although it will also lie after
judgment and even after judgment executed under some cir-
cumstances. 2 *Poe on Pl. and Pr.*, section 725.

2. It may also be well to remark before considering the particular grounds relied on by the appellant that in the brief filed on his behalf it is said: "It is undisputed, upon the authority of leading Maryland cases, to go no further, that the Legislature may, constitutionally 'confer summary jurisdiction upon a justice of the peace to try and convict a party for an offense' of a certain 'minor character' "—citing *State* v. *Glenn,* 54 Md. 572; *Kane* v. *State,* 70 Md. 546; *Danner* v. *State,* 89 Md. 220; *Lancaster* v. *State,* 90 Md. 211, and *State* v. *Ward,* 95 Md. 118. As those decisions and others which might be cited conclusively establish the power of the Legislature of this State to confer jurisdiction upon justices of the peace to hear and determine cases similar to these, especially when the right of appeal is given to Courts where jury trials can be had, as is done by this statute, and ts that power is not denied, it will be unnecessary for us to further discuss the constitutionality of such a law.

3. The real question in this connection, which was urged by the appellant, is whether the Act of 1910 limited him to an appeal from the judgment of the justices of the peace, if against him, or whether he was not entitled to at once demand a jury trial under the provisions of section 12 of Article 52 of the Code, as amended by the Act of 1906, Chapter 475. The language of this section, as amended, is undoubtedly very broad, and, if it stood alone, would have given the appellant the right to at once demand a jury trial, without first having a trial before the justice of the peace. But it must not be forgotten that that section expressly excepts from its operation the justices of the peace in the City of Baltimore and in four of the counties of the State, while the Act of 1910 is intended to be and is, applicable to the whole State. The latter in terms includes Baltimore City—providing that if anyone is taken in custody for violation of any of the provisions of the sub-title of the act in that city, he shall be taken "before the nearest police justice", and then authorizing an appeal to the Criminal Court of Baltimore in case of conviction. It would seem to be clear that the

Legislature did not intend by the Act of 1910 that anyone arrested in Baltimore City, or in either of the four counties excepted from the operation of section 12 of Article 52, should be required to be tried before a justice of the peace, but that anyone arrested in any of the other counties could at once demand a jury trial, and thereby avoid a trial before the justice. · If it had so intended, it would have been much simpler to have provided that any person arrested in Baltimore City, or in either of the four counties, should be tried as herein provided, and that anyone arrested in one of the counties to which section 12 of Article 52 is applicable should be tried in accordance with the provisions of that section.

But, in addition to that, section 140 P of the Act of 1910 provides that, "In case any person shall be taken into custody because of a violation of any of the provisions of this sub-title, he shall forthwith be taken in the counties of the State before the nearest justice of the peace, committing magistrate or police justice, or, if in Baltimore City, before the nearest police justice, and be entitled to an immediate hearing"; and then, after providing for bail in case such hearing can not then be had, the section continues, "In *all* complaints of the violation of any of the provisions of this sub-title the justice of the peace, committing magistrate or police justice before whom the alleged offender is taken as aforesaid *shall have jurisdiction to hear and determine such complaint and impose the fine or sentence herein provided;* but any person so convicted of any offense under this sub-title shall have the right to appeal from the judgment of such justice of the peace, committing magistrate or police justice to the Criminal Court of Baltimore, if convicted in Baltimore City, or court of criminal jurisdiction of any county in which he may be so convicted, and such court on such appeal shall hear the case *de novo*". ' That section only gives *the person convicted* the right of appeal, while section 12 of Article 52 gives either party such right, and also the right to demand a jury trial. There are other provisions which we might refer to, but those already mentioned,

together with section 2 of this Act of 1910, which says: "That all acts and parts of acts and laws and parts of laws inconsistent herewith or contrary hereto, be and the same are hereby repealed to the extent of such inconsistency", seem to us to show conclusively that it was intended by the Legislature that the provisions of section 140 P should be applicable to the entire State, and a person accused of violating the provisions of that act has no right to demand a jury trial, excepting upon appeal from the judgment of the justice. It is difficult to see how the Legislature could have been more explicit in declaring its intention, unless, perhaps, it had said in so many words that section 12 of Article 52 should not be deemed applicable to prosecutions for violations of these provisions, which would not only have been unusual, but, as it seems to us, useless. The Act of 1910 is the latest expression of the Legislature on the subject, and it is manifest that it intended to embody the entire statutory law on the subject of motor vehicles in that act. When it devoted a section, which covers a page of the printed volume of the laws passed at that session, to the arrest, bail, trial and appeal of violators of its provisions, the Legislature must be presumed to have intended what we think is sufficiently expressed—that the procedure for the violation of these provisions should be in accordance with what it there specially enacted, and not under a statute which was not in force in Baltimore and four counties. The appellant was, therefore, not entitled to the writ of *certiorari* by reason of the refusal of the justice to grant his demand for a jury trial.

4. We will next consider the third and fourth reasons given by the appellant, quoted above. It is contended that the warrants do not sufficiently describe the offenses intended to be charged, but if it be conceded that they are not very accurately charged, or even not technically correct, that would not necessarily deprive the justice of jurisdiction, so as to require the Court to grant a writ of *certiorari*. That is not a writ of right. In *Gaither* v. *Watkins,* 66 Md. 576,

this Court, through Judge Robinson, said: "Now, it was argued that a *certiorari* ought not to issue in any case where a party has a remedy by appeal or by writ of error. We are not prepared to go to this extent. This much, however, we may say, that as it is a matter resting in the legal discretion of the Court, the writ ought not to be granted in any case, where the party has a right of appeal, except for the purpose of testing the jurisdiction of the tribunal below." And in that case, in which it was claimed that the proceedings by the County Commissioners were not in accordance with the provisions of the law, after pointing out that the record did not sustain the objections which went to the jurisdiction of the commissioners, the Court said: "The County Commissioners had then, in our opinion, jurisdiction in regard to the subject-matter, and having jurisdiction, subsequent irregularities in their proceedings, or irregularities on the part of the examiners, were matters to be taken advantage of by way of appeal to the Circuit Court. Such irregularities in no manner affected their jurisdiction over the subject-matter". In *Weed* v. *Lewis,* 80 Md. 126; Judge McSherry, in speaking of a justice of the peace, said: "If having jurisdiction of the subject-matter he subsequently proceeded irregularly or erroneously, this in no manner affected his jurisdiction and the appropriate and only remedy was by an appeal from his judgment to the Circuit Court, for which appeal the law makes ample provision", and concluded his opinion by saying "as the writ of *certiorari* will only be issued where it is alleged and appears at least in a *prima facie* manner that the inferior tribunal is without jurisdiction, the Circuit Court was right in refusing the writ, and its order will be affirmed". See also *Kane* v. *State, supra; Lancaster* v. *State, supra,* and *Baum* v. *Warden of Jail,* 110 Md. 583.

One of the objections urged is that the jurisdiction of the justice of the peace, as the "nearest justice of the peace", does not affirmatively appear upon the face of the proceedings. It is not alleged in the petition, or in any of the pro-

ceedings, that Henry G. Robertson was not in point of fact
the justiie of the peace, but, as we understand the position of
the appellant, he contends that the justice was without juris-
diction because it did not affirmatively appear on the face
of the warrants that he was the nearest justice. We cannot
assent to such a construction of this statute. In the first
place it evidently contemplates that offenders of the law may
be taken into custody without a warrant—indeed in many
cases the law would be useless if that were not so, as the
offenders could get out of the State before warrants could be
obtained and as said in *Kane* v. *State,* 70 Md. 551, "without
the power to arrest on view without warrant, it would, in the
nature of things, be quite impossible to execute the law with
any degree of efficiency". It was intended that when anyone
is taken into custody for a violation of the law he should be
taken before a justice who is near where the offense was
committed and be entitled to an immediate hearing, as other-
wise he might be unnecessarily delayed by being taken before
some remote justice. But while the accused is entitled to be
taken before and tried by someone who will answer the
description of "the nearest justice" within the meaning of
the statute, it does not necessarily follow that some other
justice can not issue a warrant for him. It may often hap-
pen that it is not known which justice is in point of fact the
nearest. The offense may have occurred within a few miles
of a number of justices, and some investigation would have
to be made as to which was the nearest before a warrant could
be issued, if such a strict construction must be placed on the
statute as the appellant contends for. The law certainly did
not mean that the services of the county or other surveyor
were to be called into use, and then the offender was to be
arrested on a warrant issued by the one found by him to be
nearest, but the object of the law was to have a speedy hear-
ing, and not unnecessarily inconvenience the accused. The
provision with reference to "the nearest justice" must have
a reasonable interpretation, and not such an unreasonable one
as would jeoparidze, if not destroy the value of the statute

itself. · The object of the provision must be considered, and
if some other justice was in point of fact nearer by a few
feet, or some small distance which would be immaterial to
the accused, it should not oust the jurisdiction of the justice,
who. had issued the warrant.

There can be no reason, so far as the protection of the
accused is concerned, for requiring the warrant to state that
it was issued by the nearest justice, and as we have already
indicated, we do not deem that necessary. There was a time
in this State, when warrants issued by justices of the peace
were so defective that prosecutions frequently failed by reason
thereof, either before the justices or on appeal to the Courts.
But .by Chapter 444 of the Acts of 1906, it was provided
that "in all criminal cases before justices of the peace, the
justice, of his own motion, or on the motion of the State's
attorney, may at any time during trial before final judgment
amend the information, warrant, his docket entries, names
of the offenders or other proceedings in any such cases pend-
ing before him", and ample authority is also given to Circuit
Courts to which cases have been removed on applications for
jury trials, or on appeals, to allow such amendments. That
statute was recently sustained in *Green* v. *State,* 113 Md.
451. It is clear that if any of the objections urged here
against these warrants had been made before the justice of
the peace, or before the Court on appeal, if the case had been
tried before the justice and an appeal had been taken, amend-
ments could have been made, if the objections had been
deemed well taken, and the prosecutions proceeded with. In
saying that, we assume that Mr. Robertson was "the nearest
justice" within the meaning of the statute, as it is not claimed
in the petition for the *certiorari* that he was not, but, if he
was not, the appellant could have been taken to the one who
was, if he so demanded. The justice, in so far as appears
from the record, had jurisdiction over the subject-matter and
over the appellant, and hence the cases are within the rulings
of this Court referred to above. Even if it be conceded that
there were such defects in the warrants as on their face
affected the question of jurisdiction, inasmuch as they could

have been corrected by amendment, we are not willing to extend the use of the writ of *certiorari* so as to permit an accused person, instead of raising the question before the justice or the Court on appeal, and giving an opportunity to have the warrants amended, apply for that writ on the ground that the warrants were defective. Of course, if warrants utterly fail to show any violation of the law, or place a construction on a law which is not justified, there may be ground for the issuing of a writ of *certiorari,* but when, at most, they only disclose some technical defect in the charge, although it can readily be seen what is intended, and especially when there is an appeal provided, the objection should be made before the justice, or the Court on appeal where an amendment can be made, and the writ of *certiorari* should not be granted merely by reason of such technical defects in the warrants.

It will not be out of place to say that we are of the opinion that, although the lower Court was right in quashing the writ of *certiorari,* the warrants ought to have been more specific than they were. It is true that those in the first two cases follow very closely the language of the statute, and that even in an indictment for an offense created by statute it is generally sufficient to describe it in the language of the statute (*Stevens* v. *State,* 89 Md. 669, and earlier cases there cited), but this is a peculiar statute. By section 140 P the justice of the peace, or the Court if an appeal is taken, is required to endorse upon or attach to the license certificate the date and particulars of the conviction, if the party is convicted, and by section 139 full records are required to be kept and copies to be sent to the commissioner of motor vehicles who may, and *must* under some circumstances, revoke the operator's license. There ought therefore to be reasonable certainty as to the grounds for conviction, and the mere charge of operating a motor vehicle "recklessly", without stating in what respect it was reckless, not only gives the accused very little information as to what the precise charge is, but might do him an injustice in the record sent to the commissioner. In a warrant under section 140 c, such

as that in the third case, it would be better to more closely follow the statute, instead of saying as that warrant did, "when *met* by the said William B. S. Chapman", and that the said "Chapman having given the *lawful signal*", etc. The statute says that it shall be given "upon approaching", etc., and not when they "met", which might be too late for the operator to stop the automobile, and the statute says *what signal* shall be given.

5. The only remaining question to be considered is presented by paragraph 13 of the petition. It alleges, "that the said justice of the peace, in the discharge of what it is to be assumed, in fairness to him, he must conceive to be his official duty as an examining magistrate, has been exercising the functions of a prosecuting officer by seeking evidence to aid in the prosecution of your petitioner upon the charge of manslaughter aforesaid; and, as bearing upon that prosecution, he has sought out persons to bring such charges against your petitioner as are made in the three warrants; and, further, he has interested himself, even if he have not taken the initiative, in procuring counsel to assist the State's attorney for Charles county in the prosecution of your petitioner upon the charge of manslaughter aforesaid." The petition shows that the petitioner had been arrested for manslaughter for a death which occurred the same day as that named in these warrants, as the result of the deceased being struck by the appellant's automobile.

Without deeming it necessary to pass on the sufficiency of those allegations as affecting the jurisdiction of the justice, we are of the opinion that the Circuit Court properly quashed the writ, as it was improvidently issued, if those allegations were relied on as a ground for its issuance. Justices of the peace are by our Constitution made part of the judiciary in whom the judicial power of the State is vested, *McBee* v. *Fulton,* 47 Md. 403, and while they are not by that instrument required to be learned in the law and their jurisdiction is limited, they are presumed to act fairly and honestly. If then an application for a *Certiorari* be made on such grounds as those stated above, and no such objection had been made

before the justice, he should at least have an opportunity to answer them, and, if he desires, explain them before the case is taken from his control. Although we have said that the writ of *certiorari* can be granted before judgment, it might do a justice of the peace, or other inferior Court, great injustice, and have a tendency to bring the administration of the law into disrepute, to grant that writ on an *ex parte* proceeding, if it be based on the alleged personal conduct, or misconduct, of the justice or other inferior Court, alleging matters which he had no opportunity to explain or act upon. Of course, if such questions are brought to his attention, made part of the record and acted on by him, the Court to which the application for the writ is made may then be sufficiently informed to enable it to act, and determine whether the matters are such as would be a disqualification, or should prevent the inferior Court from proceeding further, but where, as in this case, no such question was raised before the justice, and hence was not acted upon by him, he should at least have an opportunity to answer the application for the writ, and an order to show cause should first be passed. So without passing on the sufficiently of those allegations, or intimating our views on the subject, we are of the opinion that if they could be made the ground for a writ of *certiorari,* such course as we have indicated should first be adopted, and hence, if the granting of the writ was based on those allegations, it was improvidently issued, and the Court properly quashed it. Of course, we do not know that it was issued for such reasons, as other grounds were alleged in the petition, but having disposed of those other grounds, we only mean to say here that it could not properly have been issued for mattes involved in the charges as to the personal conduct of the justice on an *ex parte* application.

It follows from what we have said that the order quashing the writ of *certiorari* must be affirmed, and the lower Court should remand the cases to the justice of the peace, if the State so requests.

> *Order affirmed, the appellant to pay the costs.*