ALFRED Y. DAY *vs*. THE STATE OF MARYLAND, ON THE SUGGESTION OF THE COMMISSIONERS OF LOTTERIES.— *December* 1848.

The 2nd section of the act of 1847, ch. 284, compelling a party, against whom proceedings may have been instituted under the act of 1846, ch. 109, for the recovery of the fines imposed by the latter act, for insuring lottery tickets, or dealing in foreign lottery tickets, to answer on oath any bill of discovery which may be filed against him in the premises by the commissioners of lotteries, in the name of the State, is a constitutional enactment.

The 3rd section of the bill of rights, furnishes no foundation for the novel proposition, that the whole common law, as then existing in *Maryland*, was made a part of the constitution, and that no part thereof could be abolished or changed by a mere act of legislation.

The 19th section of the bill of rights plainly shows, that the power was confided to the legislature, which has been exerted by it in the passage of the act of 1847, ch. 284.

Actions of debt instituted before a justice of the peace, for the recovery of the fines imposed by the act of 1846, ch. 109, are civil actions, and not criminal cases or prosecutions, and therefore the act of 1847, ch. 284, is not in conflict with the 5th article of the amendments to the constitution of the *United States.*

Appeal from the Equity Side of *Baltimore* county court.

This was a bill of discovery under the act of 1847, ch. 284, sec. 2, by the State, upon the suggestion of the commissioners of lotteries, against the appellant, filed on the 10th of April 1848, alleging, that the State, at the instance of the said lottery commissioners, had, under the act of 1846, ch. 109, instituted before a justice of the peace, for the city of *Baltimore*, six separate actions of debt against the appellant, to recover the fines imposed by said act, for the violation of the third section thereof, and that said actions are now depending before said justice for the trial thereof. The bill further states, that said actions are brought against said *Day*, for insurances of certain numbers of lottery tickets, in which illegal business he is largely engaged, and which he conducts exclusively with persons of color; and that the insurances for which said actions were brought, were made with persons of that description; and that at the time of making the same, he delivered to said parties several memorandums, exhibited with the bill, and received money from them; that said memorandums need an explanation which cannot be given by the parties to whom they were delivered, because of their incompetency as witnesses; and that it is material to the proper decision of said actions, that the said *Day* should discover, on oath, when and for what consideration, and to whom the said memorandums were given, and what is their meaning. The bill then prays for a discovery from the defendant of the true purport and meaning of said memorandums, and to what description of persons they were issued; that is to say, whether white or colored, and what consideration he received from such persons for them.

To this bill the defendant demurred, and assigned the following causes of demurrer.

1st. That the complainant hath not, in and by the said bill, stated such a case as doth or ought to entitle him to any such

discovery, as is thereby sought and prayed for from this defendant.

2nd. That the actions of debt instituted by the said State against this defendant, as stated in the said bill of discovery, are for penalties for supposed violations of the laws of this State, and that this defendant cannot therefore be held to make discovery concerning the same.

This demurrer, the court, (LE GRAND, J.,) on the 22nd of May 1848, overruled, and "ordered, adjudged and decreed, that the said defendant do put in a good and sufficient answer to the said bill, on or before the 10th day of June 1848."

From this decree the defendant appealed to this court. The acts of 1846, ch. 109, and 1847, ch. 284, referred to in the proceedings in this case, are sufficiently set out in the opinion of this court.

The cause was argued before DORSEY, C. J., SPENCE, MARTIN and FRICK, J.

By WM. F. GILES, for the appellant, who contended, that it was a principle of the common law, that no man could be compelled in a criminal proceeding to give evidence against himself; to which principle the inhabitants of this State become entitled by virtue of the 3rd section of the bill of rights. That by the 19th section of the bill of rights, no man can be convicted, except there be a witness or witnesses against him, or upon voluntary confession. That the 20th section of the bill of rights, applies only to civil cases, and did not authorise the passage of the act of 1847, ch. 284; and that this act is a violation of a fundamental principle of right and justice, inherent in the nature and spirit of our social compact; and that the legislature in its passage exceeded its rightful authority; and therefore the said act is unconstitutional and void.

J. M. CAMPBELL, for the appellee insisted, that the act of 1847, ch. 284, is warranted by the 20th section of the bill of rights.

DORSEY, C. J., delivered the opinion of this court.

By the first section of the act of 1846, ch. 109, it is enacted "that the dealing in foreign lottery tickets is absolutely pro-

hibited in this State; and any sale or other disposition of, or offer to sell, or otherwise to dispose of, any such tickets or parts of such tickets, or any substitute therefor, directly or indirectly, shall be punishable by a fine of fifty dollars for each offence, to be recovered before any justice of the peace, by action of debt, in the name of the State, instituted against the offending party, on the suggestion of the commissioners of lotteries.'' And the third section of the act enacts, ''that all insuring of lottery tickets, or parts of lottery tickets, or numbers or certificates of numbers of lottery tickets, either foreign or domestic, is absolutely prohibited in this State; and any person directly or indirectly, making or offering, or agreeing to make any such insurance or insuring, or receiving any consideration for insuring for or against the drawing of any ticket or tickets in any lottery, whether authorised by law or not, or receiving any money, goods, or thing in action, in consideration of any agreements to repay any sum or sums of money, or to deliver the same, or any other goods or thing in action, if any ticket or tickets, in any lottery whatever, shall prove fortunate or unfortunate, or shall be drawn or not drawn, on any particular day, or in any particular order or otherwise, howsoever, or promising or agreeing to pay any sum of money, or to deliver any goods, or thing in action, or to do, or forbear to do, any thing for the benefit of any other person or persons, with or without consideration, upon any event or contingency dependent upon the drawing of any ticket or tickets, or number or numbers of any ticket or tickets in any lottery whatsoever, shall, for each of said offences be punishable as is provided by the first section of this act, in regard to the offences there described.''

By the second section of the act, of 1847, ch. 284, which is a supplement to the aforementioned act of 1846, it is enacted, that ''upon any proceeding for the recovery of any fine imposed by the act to which this is a supplement, the party, from whom it is sought to be recovered, shall be bound to answer on oath, any bill of discovery which may be filed against him in the premises, by the commissioners of lotteries, in the name of the State, either in the high court of chancery, or in any county court, as a court of equity.'' Under these enactments the

commissioners of lotteries, having, in the name of the State, instituted before a justice of the peace for the city of *Baltimore,* six several actions of debt, for the recovery of fines incurred under the third section of the act of 1846, filed a bill of discovery on the equity side of *Baltimore* county court, to obtain from the defendant certain information and disclosures in relation to certain *memoranda* issued by him, and by reason of which he had become liable for the payment of the fines, for the recovery whereof the said actions of debt were prosecuted. To this bill of discovery, the appellant interposed a general demurrer, which was overruled by the county court, and a judgment rendered against him. The only question which arose under that demurrer, in the court below, or which arises under this appeal, is, was the second section of the act of 1847, ch. 284, a constitutional enactment?

On the part of the appellant, numerous decisions have been referred to, to prove, what, in the absence of any special legislation, upon the subject, nobody denies, that at common law, no person can be compelled to give testimony, which would show that he had been guilty of a crime or misdemeanor, or subject him to any fine, penalty, or forfeiture. And that a court of equity will not compel a discovery, in aid of a criminal prosecution, or a penal action. That the legislature possessed the right of passing the enactment complained of, unless inhibited from doing so by some provision in the constitution of *Maryland,* or of the *United States,* appears not to be denied. The appellant insists that such inhibition is found in the third section of the declaration of rights; by which he asserts that the whole common law, as then existing in *Maryland,* was made a part of its constitution, and that no part thereof could be abolished or changed, by a mere act of legislation. For this novel and extraordinary proposition, it is only necessary to say, that the third section of the declaration of rights, furnishes no foundation.

The nineteenth section of the declaration of rights, which is as follows; "that no man ought to be compelled to give evidence against himself in a court of common law, or in any other court, but in such cases as have been usually practised

in this State, or may hereafter be directed by the legislature," also fails to support the position sought to be maintained by the appellant. The concluding words of the section plainly shew, that the power was confided to the legislature, which has been exerted by it, in the passage of the act of 1847.

There is no other part of the bill of rights, or constitution of *Maryland*, which the appellant can invoke to his aid, in the case before us. And there is no part of the constitution of the *United States*, which gives the slightest color to the principle, for which the appellant contends; unless it be found in that part of the fifth article of the amendments thereto, which declares, that no person "shall be compelled in any criminal case, to be a witness against himself." If the proceedings pending before the justice of the peace, be criminal prosecutions or criminal cases, then is the judgment of the county court clearly erroneous, if that clause in the constitution of the *United States*, extend to state legislation. But what are the proceedings before the magistrate, in relation to which the bill of discovery before us, has been filed ? Not criminal cases or prosecutions, but civil actions, actions of debt *inter partes*, and although the object of their institution, is the recovery of fines or penalties, yet in contemplation of law, they are as much regarded as civil actions, as if instead of actions in debt, they had been actions for money, had and received. For this doctrine, see the case of *Acheson vs. Everett, Cowp. Rep.*, 382. The judgment and order of the county court, appealed from in this case, is affirmed.

JUDGMENT AFFIRMED.