ROBB *v.* STATE

[No. 161, October Term, 1947.]

*Decided May 26, 1948.*

643

The cause was argued before MARBURY, C.J., DELA-PLAINE, COLLINS, and HENDERSON, JJ., and BAILEY, Circuit Judge, specially assigned.

*Walter L. Green,* with whom were *Vance V. Vaugan, Edward C. Bell, Jr., Green, Whalin, Babcock & Bell* and *Ralph E. Day* on the brief, for the appellant.

*J. Edgar Harvey, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General, A. Gwynn Bowie, State's Attorney for Prince George's County,* and *Hervey G. Machen, Assistant State's Attorney for Prince George's County,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by John E. Robb, appellant here, defendant below, from a judgment and sentence of twelve months in the Maryland House of Correction on the charge "that he on the 13th day of March, 1947, at Prince George's County, Maryland, aforesaid, unlawfully, in a grossly negligent manner did kill and slay one Lewis Sylvester Carter," in violation of Section 436A of Article 27 of the Code, (1947 Supplement). Under the authority contained in Article 52, Section 13 of the Code, (1947 Supplement), Acts of 1945, Chapter 845, he was brought before a Trial Magistrate for Prince George's County on the above charge and was called for trial. He was informed of his right to a jury trial, freely elected to be tried before the Trial Magistrate and waived a jury trial. A warrant containing the above charges was read to the defendant and he pleaded not guilty. The trial was held and witnesses testified. The case was

argued by the State and by the attorney for defendant. The Trial Magistrate rendered a verdict of not guilty.

The State immediately thereafter appealed. Bond was taken for the appearance of the accused at the October Term of the Circuit Court for Prince George's County. The case was tried in that Court on December 3, 1947. In that court, through his counsel, appellant filed a plea of former jeopardy. The State filed a demurrer to the defendant's plea of former jeopardy. The court sustained the demurrer to that plea. Defendant pleaded not guilty and waived a jury trial. The case was heard by Judge Charles C. Marbury of the Circuit Court for Prince George's County, without a jury, and a verdict of guilty was rendered and sentence imposed as hereinbefore set forth. An appeal is taken to this Court from that judgment and sentence.

Article 52, Section 13, *supra,* giving the Trial Magistrate jurisdiction to try the case, provides in part: "If after a trial before the Trial Magistrate either party shall feel aggrieved by his judgment there shall be a right of appeal within ten days to the Circuit Court for the county in which the alleged offense is charged to have been committed, * * *".

Appellant contends that as he was in jeopardy at the time he was tried by the Trial Magistrate for Prince George's County on the charge of manslaughter by a motor vehicle, the trial and conviction in the Circuit Court for Prince George's County put him in "double jeopardy" prohibited by Article 2 of the Declaration of Rights of Maryland, the Fifth and Fourteenth Amendments to the Constitution of the United States and the established rule of the common law enforced in Maryland, and that Article 52, Section 13, *supra,* authorizing the State to appeal from the decision of the Trial Magistrate, finding the defendant not guilty, is unconstitutional and against the established common law rule in Maryland insofar as it authorizes an appeal by the State and a trial *de novo* in the Circuit Court.

Appellant admits that there is no expressed provision in the Constitution of the State of Maryland, in words, barring double jeopardy. He contends, however, that the Declaration of Rights of Maryland is a part of the Constitution of Maryland and by reason of Article 2 of that Declaration, the provisions of the Constitution of the United States and the amendments to that Constitution, have been adopted as the basic law of the State of Maryland and are binding upon the Maryland courts, and therefore that the Fifth and Fourteenth Amendments to the Constitution of the United Stats are laws of this State.

Article 2 of the Declaration of Rights of Maryland provides:

"The Constitution of the United States and the Laws made or which shall be made in pursuance thereof, * * * are and shall be the Supreme Law of the State; and the Judges of this State, and all of the People of this State, are, and shall be bound thereby, anything in the Constitution or law of this State to the contrary notwithstanding."

To hold that by reason of Article 2 of the Declaration of Rights of Maryland, the Federal Constitution and its amendments became the basic law of the State of Maryland in this sense would be to hold that all decisions of the Supreme Court of the United States, and all decisions and rules of the Federal Courts are binding upon the courts of this State on non-federal questions. There is no decision supporting this contention. To support this proposition the appellant relies on a statement made by this Court in the case of *Friend v. State,* 175 Md. 352, at page 355, 2 A. 2d 430, at page 432, where it was said: "The trial and conviction of the appellant, therefore, was valid in law, provided the terms and provisions of the act were observed by the Justice of the Peace, and there is nothing in the record to the contrary, and a second trial for this same offense would be in violation of the common law and of our constitutional prohibition with respect to placing a person in double jeopardy as to the

same crime." The reference in this quotation to "our constitutional prohibition" was apparently a reference to Article 5 of the Declaration of Rights of Maryland which provides, "that the inhabitants of Maryland are entitled to the Common Law of England, and the trial by Jury, according to the course of that law * * *, subject nevertheless, to the revision of, and amendment or repeal by, the Legislature of this State." *Day v. State,* 7 Gill, 321, 322, 325. *LaGuardia v. State,* 190 Md. 450, 58 A. 2d 913. The appellant also relies strongly on the case of *Kepner v. United States,* 195 U. S. 100, 114, 24 S. Ct. 797, 49 L. Ed. 117, 1 Ann. Cas. 655, but this case has apparently been overruled by later cases in the Supreme Court.

That Article 52, Section 13, *supra,* giving the State the right to appeal from the Trial Magistrate to the Circuit Court is not a violation of the Federal Constitution is sustained by four late cases of the Supreme Court of the United States. *Palko v. Connecticut,* 302 U. S. 319, 58 S. Ct. 149, 82 L. Ed. 288; *State of Louisiana et al., v. Resweber,* 329 U. S. 459, 67 S. Ct. 374, 91 L. Ed. 422; *Adamson v. People of State of California,* 332 U. S. 46, 67 S. Ct. 1672, 91 L. Ed. 1903, 171 A. L. R. 1223. *Bute v. People of Illinois,* 333 U. S. 640, 68 S. Ct. 763, 92 L. Ed. 735, decided April 19, 1948.

In the case of *Palko v. Connecticut, supra,* decided December 6, 1937, the accused on indictment for murder was found guilty in the second degree and sentenced to prison for life. The Connecticut statute permitted, with the permission of the judge, appeals by the State from rulings and decisions of any criminal court upon all questions of law arising at the trial of criminal cases. Under the authority of that statute, the State appealed to the Supreme Court of Errors of Connecticut. That Court found error and reversed the judgment and ordered a new trial. At the re-trial the accused raised the defense of former jeopardy and the violation of his rights provided for under the Fourteenth Amendment of the Constitution of the United States. These objections,

having been overruled, the jury in the re-trial found a verdict of murder in the first degree and he was sentenced to death. This judgment and sentence was affirmed by the State Court. An appeal was then taken to the Supreme Court of the United States where the judgment was affirmed. The Supreme Court in that case, in affirming the judgment, through Mr. Justice Cardozo, pointed out that the execution of the sentence will not deprive the accused of his life without the process of law assured to him by the Fourteenth Amendment of the Constitution of the United States. The Court further said [302 U. S. 319, 58 S. Ct. 151]: "We have said that in appellant's view the Fourteenth Amendment is to be taken as embodying the prohibitions of the Fifth. His thesis is even broader. Whatever would be a violation of the original bill of rights (Amendments 1 to 8) if done by the federal government is now equally unlawful by force of the Fourteenth Amendment if done by a state. There is no such general rule."

In the very recent case of *State of Louisiana et al., v. Resweber, supra,* decided January 13, 1947, in concluding that the constitutional rights of the accused had not been violated, Mr. Justice Reed said that "even where a state obtains a new trial after conviction because of errors, while an accused may be placed on trial a second time, it is not the sort of hardship to the accused that is forbidden by the Fourteenth Amendment. *Palko v. State of Connecticut, supra,* 302 U. S. at page 328, 58 S. Ct. at page 153, 82 L. Ed. 288. As this is a prosecution under state law, so far as double jeopardy is concerned, the Palko case is decisive." [329 U. S. 459, 67 S. Ct. 375.]

In *Adamson v. People of State of California, supra,* decided June 23, 1947, the accused was convicted by a jury in the Superior Court of the State of California of murder in the first degree and sentence of death was affirmed by the Supreme Court of that State. Certain provisions of the California law were challenged in the state proceedings as invalid under the Fourteenth Amendment to the Federal Constitution. The Supreme

Court of the United States on appeal in affirming the conviction assumed, without ruling upon the issue, that state permission by law to the court, counsel, and jury to comment upon the failure of the defendant to explain or deny evidence against him would infringe defendant's privilege against self incrimination under the Fifth Amendment if the trial were in a court of the United States under a similar law. It was there said by Mr. Justice Reed [322 U. S. 46, 67 S. Ct. 1675]:

"Such an assumption does not determine appellant's rights under the Fourteenth Amendment. It is settled law that the clause of the Fifth Amendment, protecting a person against being compelled to be a witness against himself, is not made effective by the Fourteenth Amendment as a protection against state action on the ground that freedom from testimonial compulsion is a right of national citizenship, or because it is a personal privilege or immunity secured by the Federal Constitution as one of the rights of man that are listed in the Bill of Rights.

"The reasoning that leads to those conclusions starts with the unquestioned premise that the Bill of Rights, when adopted, was for the protection of the individual against the federal government and its provisions were inapplicable to similar actions done by the states. *Barron v. Baltimore*, 7 Pet. 243, 8 L. Ed. 672; *Feldman v. United States*, 322 U. S. 487, 490, 64 S. Ct. 1082, 1283, 88 L. Ed. 1408, 154 A. L. R. 982. With the adoption of the Fourteenth Amendment it was suggested that the dual citizenship recognized by its first sentence, secured for citizens federal protection for their elemental privileges and immunities of state citizenship."

The same reasoning is followed in *Bute v. People of Illinois*, 333 U. S. 640, 68 S. Ct. 763, 92 L. Ed. 735, *supra*, decided April 19, 1948.

In the case of *State v. Brunn*, 22 Wash. 2d 120, 154 P. 2d 826, 157 A. L. R. 1049, the accused was charged with receiving stolen whiskey. At the trial of the case court ordered a dismissal. The State appealed from that order and asked for a new trial. The accused contended

that under the provisions of the Washington State Constitution, Article 1, § 9, which provided "no person shall be * * * twice put in jeopardy for the same offense," the awarding of a new trial would place him twice in jeopardy. The Supreme Court of Washington in that case extensively reviewed the authorities throughout the United States and pointed out that there was a double jeopardy provision in the Federal Constitution and in the constitution of all the states, except Connecticut, Maryland, Massachusetts, North Carolina, and Vermont and that even in those five states the right involved is enforced as a common law right. In remanding the case for a new trial the court discussed, among other cases, the case of *Palko v. Connecticut, supra,* upon which it relied, and pointed out that the case of *Kepner v. United States,* 195 U. S., 100, 24 S. Ct. 797, *supra,* was decided in 1904.

In the case of *State v. Shields,* 49 Md. 301, at pages 303, 304, this Court said: *"It has always been a settled rule of the common law* that after an acquittal of a party upon a regular trial on an indictment for either a felony or a misdemeanor, the verdict of acquittal can never afterward, on the application of the prosecutor, in any form of proceeding, be set aside and a new trial granted, and it matters not whether such verdict be the result of a misdirection of the judge on a question of law, or of a misconception of fact on the part of the jury. *2 Hale's P. C.* 310; *2 Hawk's P. C. Book 2,* ch. 47, sec. 12; *3 Whart. Cr. Law,* sec. 3221; *1 Bishop's Cr. Law,* secs. 992, 993." (Italics supplied here.)

It was said by this Court in the case of *Gilpin v. State,* 142 Md. 464, at page 466, 121 A. 354, at page 355: "That no person shall for the same offense, be twice put in jeopardy, is both a provision of the Constitution of the United States (Amendment 5), and an established rule of the common law, and a plea of former jeopardy is good under either." The plea under the Constitution of the United States could not be made in the State Courts but only in the Federal Courts.

650

That the provision that no person shall be twice put in jeopardy for the same offense is not a constitutional provision binding on this State, but a rule of the common law is definitely settled in this State by the case of *Bennington v. Warden, Maryland House of Correction,* 190 Md. 752, 59 A. 2d 779, where this Court said: "The rule against double jeopardy contained in the 5th amendment to the United States Constitution applies only to trials in the Federal Courts and is not implicit in the 14th amendment. *Palko v. Connecticut,* 302 U. S. 319, 58 S. Ct. 149, 82 L. Ed. 288. The rule is not set out in the Maryland Constitution but is applied in this State as a doctrine of the common law. *Hoffman v. State,* 20 Md. 425."

We must therefore hold that the provision against double jeopardy, being a common law rule, the Legislature in the enactment of Article 52, Section 13, *supra,* abrogated that rule so far as it affected that statute and gave the state the right of appeal from the Trial Magistrate. Compare *State v. Shields,* 49 Md. 301, *supra,* at page 303.

Previous to the enactment of Article 52, Section 13, Acts of 1945, Chapter 845; Article 52, Section 12, later Section 13, Chapter 482 of the Acts of 1914, provided also: "If after a trial before the Justice (justice of the peace) either party shall feel aggrieved by his judgment there shall be a right of appeal within ten days to the Circuit Court for the County in which the alleged offense is charged to have been committed * * *." Although it does not appear that the constitutionality of this section was ever attacked in this Court on the theory that it violated the rule against double jeopardy, this Court has frequently stated that that section gives either party the right of appeal. *Crichton v. State,* 115 Md. 423, 428, 81 A. 36; *Friend v. State, supra,* 355; *Brack v. State,* 187 Md. 542, 51 A. 2d 171.

Article 52, Section 13, *supra,* therefore being valid and constitutional, the Circuit Court for Prince George's County had jurisdiction to hear and decide this appeal

from the Trial Magistrate. It has been frequently held by this Court that the Circuit Court in hearing an appeal from a justice of the peace acted, not in the exercise of its ordinary common law jurisdiction, but as a court of special jurisdiction. Its judgment rendered within the limits of the special jurisdiction conferred upon it is not only binding but is final. *Rayner v. State*, 52 Md. 368, 376. *State v. Beach*, 153 Md. 618, 621, 139 A. 355. This is true even where the accused desires to test the constitutionality of the law under which he was arrested and tried by the justice of the peace. *State v. Bogue*, 5 Md. 352; *Judefind v. State*, 78 Md. 510, 512, 28 A. 405, 22 L. R. A. 721.

Where, however, the Circuit Court on appeal has heard a case without jurisdiction an appeal may be taken to this Court to reverse the judgment unwarrantably rendered. We, therefore, have the power to examine the record in this case to determine whether the Trial Magistrate and the Circuit Court had jurisdiction. We have no authority to determine other questions before these lower tribunals. *Lambros v. Brown*, 184 Md. 350, 353, 41 A. 2d 78; *Montgomery Ward & Co. v. Hermann*, 190 Md. 405, 58 A. 2d 677; *Berlinsky v. Eisenberg*, 190 Md. 636, 59 A. 2d 327. There is no dispute here that the Trial Magistrate had jurisdiction over the case in the first instance, nor is there any dispute that the Circuit Court on appeal had jurisdiction to pass upon and determine the plea of former jeopardy. Article 52, Section 13A, Annotated Code, (1947 Supplement), Acts of 1945, Chapter 845, provides in part as follows: "Except in cases of appeal from the judgment of the Trial Magistrate, the accused shall be entitled to an appeal to the Court of Appeals from the judgment of the Circuit Court."

A judgment having been rendered in this case by the Trial Magistrate and by the Circuit Court, the appeal to this Court must be dismissed.

*Appeal dismissed, with costs.*