## STATE EX REL. BYRD *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[No. 39, October Term, 1948.]

*Decided December 10, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Walter V. Harrison* for the appellant.

*Hall Hammond, Attorney General,* and *Harrison L. Winter, Assistant Attorney General,* with whom were *J. Bernard Wells, State's Attorney for Baltimore City,* and *Saul A. Harris, Assistant State's Attorney for Baltimore City,* on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal, by leave granted by this court (Code, Art. 42, sec. 3C), from an order remanding petitioner for a writ of habeas corpus to custody under sentence of a Prince George's County trial magistrate to two years in the House of Correction for "manslaughter by automobile". The question presented is whether a trial magistrate has jurisdiction, under Art. 52, sec. 13 (as amended by the Act of 1945, ch. 845) and especially under the last paragraph of section 13, to try a case of alleged "manslaughter by automobile". Pending this appeal, the question, though not presented in precisely the same form, has in effect been decided by this court. In *Robb v. State,* 190 Md. 641, 60 A. 2d 211, it was held that under section 13 a trial magistrate had jurisdiction over such a case in the first instance and the Circuit Court had jurisdiction on appeal by the State from a judgment of not guilty. Manifestly the Circuit Court could not have had jurisdiction on appeal unless the trial magistrate had jurisdiction in the first instance.

The Act of 1941, ch. 414, provides that "every person causing the death of another as the result of the driving, operation or control of an automobile, motor vehicle, locomotive, engine, car, street car, train or other vehicle, in a grossly negligent manner, shall be

guilty of a misdemeanor to be known as 'manslaughter by automobile, motor vehicle, locomotive, engine, car, street car, train or other vehicle'" and "shall be sentenced to jail or the House of Correction for not more than three years" or be fined or be both fined and imprisoned. Art. 27, sec. 436A. The act prescribes a short form of "indictment or warrant" for the offense. Art. 52, sec. 13(a) (not changed since 1914 in any respect now material) provides that trial magistrates shall have jurisdiction to try "all cases involving the charge of any offense, crime or misdemeanor, not punishable by confinement in the Penitentiary or involving a felonious intent." The last paragraph (added in 1943) provides that "in the trial of all charges of any offense, crime, or misdemeanor, except motor vehicle cases, * * * the proceedings and the method of trial, the right to demand a jury trial and the right to appeal" shall be such as are prescribed by section 13(b) (not changed since 1914 in any now material respect), and such paragraph [13(b)] shall be deemed applicable to "every such offense, * * *, except motor vehicle cases, whether now or subsequently defined, unless the statute defining them declares, by specific reference, that this section shall not apply." Petitioner contends that "manslaughter by automobile" is a "motor vehicle case."

Except with respect to "the right to demand a jury trial and the right to appeal", and certain procedural details in "motor vehicle cases" the jurisdiction of trial magistrates under Art. 52, sec. 13, is apparently not different from their jurisdiction in "motor vehicle cases" under Art. 66½, secs. 260-267. Petitioner's contention that "manslaughter by automobile" is a "motor vehicle case", within the exception in Art. 52, sec. 13, would therefore be futile, even if sound. The exception is not an exception to jurisdiction under section 13(a), but only to procedure under section 13(b). If petitioner's contention were sound, then the fact that he, "being informed of his right to trial by jury, freely elected to

be tried by [the trial magistrate]," and a jury trial was not prayed by the State, would be mere surplusage and would not defeat the jurisdiction of the trial magistrate or invalidate the sentence.

Petitioner's contention, however, is not sound. "Motor vehicle cases", if not limited to cases arising under Art. 66½, at most include only offenses pertaining to motor vehicles as such. "Manslaughter by automobile" is not a "motor vehicle case"; it is the same offense as "manslaughter by locomotive, engine, car, street car, train or other vehicle". *Cf. Wright v. Sas,* 187 Md. 507, 50 A. 2d 809. Essentially, the Act of 1941, ch. 414, amended the criminal law as to manslaughter, not the motor vehicle laws.

This appeal was taken at the suggestion of the lower court, who appointed counsel for this purpose, because the court doubted the correctness of its own decision on account of Governor O'Conor's veto message in regard to Senate Bill 611 of 1945. That was a bill to amend Art. 27, sec. 436A, so as, among other things, to insert an express provision that trial magistrates in the counties should have jurisdiction, over the offense of "manslaughter by automobile", concurrent with the jurisdiction of the Circuit Court. The Governor's message stated weighty reasons why Justices of the Peace ought not to have jurisdiction in such cases. The Governor's reasons would have been pertinent to a veto or a repeal of the original act of 1941. His message did not, however, discuss the question whether the Act of 1941 had created an offense which already fell within the jurisdiction of trial magistrates under Art. 52, sec. 13. Soon after the veto the Attorney General, on August 11, 1945, gave an opinion that trial magistrates have such jurisdiction. *30 Opinions of Attorney General* 40. Committees of the Maryland State Bar Association in 1946 and 1947 recommended "legislation removing the jurisdiction of the trial magistrates to hear and determine such cases". This recommendation was not adopted by the Association. *Transactions Maryland*

674

*State Bar Association,* Vol. 51, pp. 134, 228-235; Vol. 52, pp. 18, 19, 98-108. Since the Attorney General's opinion the legislature has not repealed or amended the act of 1941 to conform with the views of the Governor and the Bar Association Committees.

*Order affirmed, without costs.*