Robert Lee MOSS

v.

STATE OF MARYLAND.

Ellie SISKOS

v.

STATE OF MARYLAND, William A. Linthicum, and Ralph Offutt.

Civ. A. Nos. 17896, 17982.

United States District Court
D. Maryland.

July 31, 1967.

hausted all available state remedies and that (3) he was being placed in double jeopardy by certain state court appellate proceedings pending against him contrary to the dictates of the Fifth Amendment to the Constitution of the United States. Thereafter, petitioner Siskos filed in this court a petition for the issuance of a writ of habeas corpus making allegations identical with those of petitioner Moss. Upon a representation to the court that the petitions presented for consideration identical issues and upon the request of all the parties the cases were ordered consolidated for hearing and argument. In truth the two petitions pose almost entirely different problems. It is only as to the question of "standing" that the two proceedings can be jointly treated.

Petitioners have in common that both are at large pending further state court appellate proceedings against them, Moss having been released on bail and Siskos having been released on her own recognizance. Thus, the first question for consideration becomes, is one on bail "in custody" as that term is used in Title 28, U.S.C. section 2241(c) (3), which provides:

"(c) The writ of habeas corpus shall not extend to a prisoner unless—

"(3) He is in custody in violation of the Constitution or laws or treaties of the United States".

The courts have uniformly[1] held that one at large on bail does not meet the jurisdictional requirements of this section. (Johnson v. Hoy, 1913, 227 U.S. 245, 248, 33 S.Ct. 240, 57 L.Ed. 497; Stallings v. Splain, 1920, 253 U.S. 339, 343, 40 S.Ct. 537, 64 L.Ed. 940; Unverzagt v. United States, 9 Cir. 1925, 5 F.2d 494, 495, cert. den. 1925, 269 U.S. 566, 46 S.Ct. 24, 70 L.Ed. 415; United States ex rel. Potts v. Rabb, 3 Cir. 1944, 141 F.2d 45, 47, cert. den. 1944, 322 U.S. 727, 64 S.Ct. 943, 88 L.Ed. 1563; Rowland v. State of Arkansas, 8 Cir.

---

Karl G. Feissner, Alpern & Feissner, Rockville, Md., for petitioners, Robert Lee Moss and Ellie Siskos.

Francis B. Burch, Atty. Gen., and Edward F. Borgerding, Asst. Atty. Gen., for the State of Maryland.

WATKINS, District Judge.

Initially petitioner Moss filed in this court a petition for the issuance of a writ of habeas corpus alleging that (1) he was being held "in custodia legis", that (2) he had fully and completely ex-

---

1. The one case to the contrary, MacKenzie v. Barrett, 7 Cir. 1905, 141 F. 964, was overruled sub silentio in United States ex rel. Walmer v. Tittemore, 7 Cir. 1932, 61 F.2d 909, 910. (Rowland v. State of Arkansas, 8 Cir. 1950, 179 F.2d 709).

1950, 179 F.2d 709, 710, cert. den. 1950, 339 U.S. 952, 70 S.Ct. 841, 94 L.Ed. 1365, reh. den. 1950, 339 U.S. 991, 70 S.Ct. 1022, 94 L.Ed. 1392).

■ Indeed the entire statutory scheme relating to federal habeas corpus proceedings indicates that Congress contemplated resort to habeas corpus only where substantial restrictions were placed, allegedly illegally, on the one seeking such relief. For example, section 2241 defines the "standing" or the jurisdictional qualifications of a petitioner in terms of "a prisoner" and a prisoner "in custody." Section 2254, dealing specifically with persons seeking relief from state action, speaks in terms of "a person *in custody pursuant to the judgment* of a State court" (emphasis supplied), thus introducing, in addition to the element of restraint, the element of finality of state action as a prerequisite to the seeking of federal habeas corpus relief. Section 2255, dealing with one attacking federal proceedings, defines the petitioner as a "prisoner in custody under sentence of a court". The statutory scheme is further emphasized by section 2242, which provides that the application for a writ of habeas corpus "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." As clearly appears, the language quoted from these various sections is peculiarly inapplicable to one at large on bail.

■ However, petitioners take the position that the Supreme Court case of Jones v. Cunningham, 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, holding that one placed on parole under the "custody and control" of a Parole Board is "in custody" within the meaning of section 2241, requires a rejection of all earlier cases holding that one on bail is not in custody as that term is used in section 2241 et seq. While the Supreme Court in the Jones case reversed the United States Court of Appeals for the Fourth Circuit in Jones v. Cunningham, 4 Cir. 1961, 294 F.2d 608, in so doing

it was not carving out new law. It was in effect merely reminding the Fourth Circuit of its earlier and correct holding to the effect that:

"* * * The status of the *prisoner* while under conditional release was that of a *prisoner* on parole. 18 U.S.C.A. § 716b. While this was an amelioration of punishment, it was *imprisonment in legal effect.* Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 45, 68 L.Ed. 247. He was bound to remain in the *legal custody* and *under the control* of the warden of the penitentiary; and the issuance of the warrant for his arrest was but the assertion of the authority over him vested by law in the Board of Parole because of his *imprisonment.*" (United States ex rel. Nicholson v. Dillard, 4 Cir. 1939, 102 F.2d 94, 96; emphasis supplied).

The differences in status between a convicted prisoner released on parole or on mandatory conditional release and an accused at liberty on bail pending an appeal were pointed out by Chief Judge Bailey Aldrich in, as is his wont, a lucid opinion in Allen v. United States, 1 Cir. 1965, 349 F.2d 362, 363, where he stated:

"Defendant, relying principally on Jones v. Cunningham, 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, asserts that 'custody' includes the relatively minor restrictions imposed by the conditions of bail. The Court there held that a petition for habeas corpus was not rendered moot when petitioner had been released on parole. Jones v. Cunningham, and the cases cited therein, teach that 'custody,' for the purposes of habeas corpus, can include something less than total confinement. In view of section 2255's similarity in purpose to the federal writ of habeas corpus, see Hill v. United States, 1962, 368 U.S. 424, 427–428, 82 S.Ct. 468, 7 L.Ed.2d 417, we may assume that the requisite custody is not different for the two post-conviction remedies. However, Jones does not determine the decision in this case. The parole board regu-

lated in detail petitioner's economic, social, and moral life. Petitioner was subject to recommitment for any violation. Essentially the only restriction imposed upon a defendant on bail is to be subject to the court's call upon reasonable notice, and his bail is unlikely to be revoked except for conduct inconsistent with that duty. In view of those differences, Jones warrants neither overruling these cases which hold that habeas corpus is not available to one enlarged on bail, e. g., Stallings v. Splain, 1920, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940, nor tenuously construing 'custody' virtually to read the word out of the statute."

Likewise, this court declines to reverse two opinions of the Supreme Court of the United States, declines to read out of the statutes in question the jurisdictional requirements heretofore quoted in this opinion, and declines to nullify the expressed intent of Congress.

This ruling is, of course, dispositive of both petitions. However, as reversals on appeal are not unknown, to avoid piecemeal litigation of the petitioners' various claims the court will consider and rule on the other issues presented to it by the parties. It is at this point that the two proceedings diverge and require separate consideration.[2]

Petitioner Moss was arrested and charged in Charles County, Maryland with an offense cognizable in either the Magistrate's Court or the Circuit Court for Charles County. He elected to proceed in the Magistrate's Court and on February 15, 1966 was tried on the charge of operating a motor vehicle while under the influence of alcohol. (Article 66½, section 206, Annotated Code of Public General Laws of Maryland, 1957), and was found not guilty. Thereafter the State of Maryland noted an appeal to the Circuit Court for Charles County, purportedly pursuant to the provisions of Article 52, section 13 (b) Annotated Code of Public General Laws of Maryland, 1964 Replacement Volume. On March 28, 1966 Moss filed a motion in the Circuit Court for Charles County to dismiss said appeal on the grounds that, having been acquitted, such a proceeding placed him in double jeopardy contrary to the provisions of the Fifth Amendment to the Constitution of the United States. On December 1, 1966, the Circuit Court for Charles County denied Moss's motion to dismiss. Thereafter Moss turned to this court seeking federal habeas corpus relief again on the ground that his constitutional rights under the Fifth Amendment to the Constitution of the United States had been violated in that the contemplated appeal by the state placed him twice in jeopardy for the same offense. In the view that this court takes of the proceedings against Moss to date it is not necessary to reach the double jeopardy issue.

First, it should be noted that the State of Maryland purported to enter its appeal under the provisions of Article 52, section 13(b), which section deals with the criminal jurisdiction vested in trial magistrates and which section in paragraph 1 thereof authorizes the state to appeal from a judgment rendered by a trial magistrate. However, paragraph 2 of said subsection specifically exempts motor vehicle cases from the provisions of paragraph 1. The pertinent language is as follows:

"In the trial of all charges of any offense, crime, or misdemeanor, *except motor vehicle cases,* and in the conduct of all prosecutions or proceedings for the recovery of any fine or penalty, as described in the preceding paragraph of this section, the proceedings and the method of trial,

---

2. When requesting consolidation and even during argument neither the petitioners nor the state realized the significance of the fact that petitioner Moss had been charged with a violation of the motor vehicle laws of Maryland while petitioner Siskos had been charged with a misdemeanor not punishable by confinement in the penitentiary and not involving a felonious intent. The significance of these facts will be developed hereafter in this opinion.

the right to demand a jury trial and *the right to appeal* shall be such as are prescribed by said paragraph, and such paragraph shall be deemed applicable in all its terms to each and every such offense, crime, misdemeanor, prosecution or proceeding, *except motor vehicle cases*, whether now or subsequently defined, unless the statute defining them declares, by specific reference, that this section shall not apply." (Emphasis supplied).

Secondly, it should be noted that the taking of appeals in motor vehicle cases tried by trial magistrates is specifically governed by section 325 of Article 66½, which section provides:

"In all complaints of the violation of any of the provisions of this article, the justice of the peace, trial magistrate, committing magistrate, police justice or justice of the peace of the traffic court of Baltimore City before whom the alleged offender is taken as aforesaid, shall have jurisdiction to hear and determine such complaint and impose the fine or sentence herein provided but *any person so convicted* of any offense under this article *shall have the right to appeal* from the judgment of such justice of the peace, trial magistrate, committing magistrate, police justice or justice of the peace of the traffic court of Baltimore City to the Criminal Court of Baltimore if convicted in Baltimore City, or court of criminal jurisdiction of any county in which he may be so convicted and such court on such appeal shall hear the case de novo.

"An appeal shall be allowed regardless of the defendant's plea and shall also be permitted from a forfeiture of collateral." (Emphasis supplied).

Under this statutory provision the right to appeal is limited to "any person so convicted of any offense", thus clearly giving no right to the state to appeal.

In the instant case the State of Maryland has relied upon the case of Robb v. State, 1948, 190 Md. 641, 60 A.2d 211 as authorizing an appeal by the state from a judgment of acquittal rendered in a magistrate's court in favor of a defendant. In Robb the defendant was found not guilty by a trial magistrate of the crime of manslaughter by automobile. The state appealed this verdict of acquittal to the Circuit Court for Prince George's County. The defendant filed a plea of former jeopardy to which the state demurred. The demurrer was sustained and the defendant convicted. Robb then appealed to the Court of Appeals of Maryland challenging his conviction in the Circuit Court on the ground that he had been exposed to double jeopardy. The Court of Appeals of Maryland affirmed the Circuit Court and upheld the conviction. This case at first glance would appear to support, at least under the law of the State of Maryland, the pendency of the present appeal by the state against Moss.

However, Robb is completely inapposite to the proceedings against Moss as is explained in the case of State ex rel. Byrd v. Warden, Maryland House of Correction, 1948, 191 Md. 670, 62 A.2d 628 where the court pointed out that manslaughter by automobile is not a "motor vehicle case" as petitioner had there contended, the court stating:

"Petitioner's contention, however, is not sound. 'Motor vehicle cases', if not limited to cases arising under Art. 66½, at most include only offenses pertaining to motor vehicles as such. 'Manslaughter by automobile' is not a 'motor vehicle case'; it is the same offense as 'manslaughter by locomotive, engine, car, street car, train or other vehicle.' Cf. Wright v. Sas, 187 Md. 507, 50 A.2d 809. Essentially, the Act of 1941, ch. 414, amended the criminal law as to manslaughter, not the motor vehicle laws."

The court further pointed out that the jurisdiction of trial magistrates under Article 52, section 13, pertaining to their criminal jurisdiction generally, is different from their jurisdiction in motor vehicle cases under Article 66½ and one of the differences specifically noted by

**376**

the court was the right to appeal, the court saying:

> "*Except with respect to* 'the right to demand a jury trial and *the right to appeal*,' and certain procedural details in 'motor vehicle cases' *the jurisdiction of trial magistrates under Art. 52, sec. 13, is apparently not different from their jurisdiction in 'motor vehicle cases'* under Art. 66½, secs. 260–267."   (Emphasis supplied).

Thus, in view of the statutory provisions quoted above and in view of the comments made by the Court of Appeals of Maryland in the Byrd case, it would appear clear that in motor vehicle cases the State has no statutory right of appeal either from a judgment of acquittal or from a judgment of conviction.[3]

In fact, this was the conclusion reached by Attorney General Hall Hammond, now Chief Judge of the Court of Appeals of Maryland, in 32 Opinions of the Attorney General 293 where he stated his conclusions as follows:

> "We have your letter in which you have asked if the State is permitted to appeal to the Circuit Court from an acquittal by a Trial Magistrate of a person charged with a violation of the motor vehicle laws.

> "Section 264 [now section 325] of Article 66½ of the Code, as enacted by Chapter 1007 of the Acts of 1943, provides, in part, that ' * * * any person so convicted of any offense under this Article shall have the right to appeal from the judgment * * *.' In Crichton v. State, 115 Md. 423 [81 A. 36], the Court of Appeals, in dealing with section 140(c) of Chapter 207 of the Acts of 1910, which provided similarly that ' * * * any person so convicted of any offense under this sub-title shall have the right to appeal from the judgment * * *,' held that that section gave a right of appeal to the convicted person only and distinguished it from the language of

what was then section 12 [now section 13(b)] of Article 52 of the Code, which conferred a right of appeal upon both the State and the accused in criminal cases tried before justices of the peace.

> "In 2 Opinions of the Attorney General 122, former Attorney General Ritchie concluded that the State could not appeal from an acquittal by a Magistrate of a person charged with violating the motor vehicle law.   That result was based upon Section 159 of Chapter 687 of the Acts of 1916; the pertinent language of which was identical to the Act of 1910 above quoted.

> "By Chapter 85 of the Acts of 1918, the motor vehicle laws were repealed in their entirety and a revised motor vehicle code was adopted.   By Section 158 of that Act, the precise language heretofore quoted giving the right of appeal to a convicted person was used without alteration.   Again, by Chapter 506 of the Acts of 1920 extensive amendments were made to the motor vehicle laws as enacted by Chapter 85 of the Acts of 1918 but Section 158 was not amended.

> "We think it is abundantly clear that Section 264 of Article 66½ of the Code restricts the right of appeal to the person convicted.   This language is certain and unambiguous and, when considered in the light of the numerous revisions which have been made in the motor vehicle laws, even as recently as the enactment of Chapter 1007 of the Acts of 1943, and the construction which was placed thereon by former Attorney General Ritchie and by the Court of Appeals of Maryland in Crichton v. State, supra, we can reach no other conclusion than that the convicted person, and he alone, may appeal.   The General Assembly in these various enactments is presumed to have had knowledge of the construction placed

---

3.  The state may in proper cases even appeal a conviction, as the appeal is from the judgment and sentence, not from the verdict.   (Dail v. Price, 1944, 184 Md. 140, 143, 40 A.2d 334; Johnson v. State, 1948, 191 Md. 447, 62 A.2d 249).

upon them and when on the several occasions it amended the law but omitted to alter the provision relating to appeals, it must be concluded that the judicial and administrative interpretations which had been placed upon that provision disclosed correctly the legislative intent. Mayor and City Council of Baltimore v. Machen, 132 Md. 618 [104 A. 175]."

There is, however, one further provision dealing with the right to appeal from a judgment of a trial magistrate and that is section 30 of Article 5. This section dealing with the right to appeal generally in such cases in the first paragraph thereof provided, at the time that the State noted its appeal in Moss's case in 1966, that any party might appeal from any judgment of a trial magistrate in any civil, criminal or motor vehicle cause.[4] This would suggest that the State might have the right to appeal in motor vehicle cases. Although in view of the express exclusion of motor vehicle cases from the ambit of Article 52, section 13(b), which section deals specifically with the criminal jurisdiction of trial magistrates; in view of the express provisions of Article 66½, section 325 as to the specific procedures to be followed in appeals in cases charging violations of the motor vehicle laws of Maryland; and in view of the fact that Article 5, section 30 is general and in 1966 applied to all civil and criminal as well as motor vehicle cases tried by magistrates and is principally concerned not with the right of appeal but with the time in which an appeal shall be taken and the procedures relating to the transmission of fines, any ambiguity caused by this latter section would probably be resolved by any court interpreting this section in favor of making the provisions of Article 66½, section 325 controlling as to the right to appeal, thus denying such a right to the state, the interpretation and construction to be given to these various state statutory provisions should more properly be left to the state courts.

■■ In any event it is abundantly clear that petitioner has failed to exhaust his available state remedies by failing to address himself to the Circuit Court for Charles County not by way of a motion to dismiss on grounds of double jeopardy, but rather by way of a motion to dismiss for lack of jurisdiction. Should the Circuit Court for Charles County render a decision on the jurisdictional issue adverse to petitioner Moss, he still will not have exhausted his available state remedies until he has appealed the jurisdictional issue directly to the Court of Special Appeals of Maryland pursuant to the provisions of Article 5, section 12, wherein although it is provided that a judgment of a Circuit Court "in the proper exercise of its jurisdiction on appeal" is final and unappealable, conversely, it is recognized that when the issue raised is one of lack of jurisdiction in the Circuit Court the defendant has the right of appeal to the Court of Special Appeals of Maryland.[5] Were that court to rule against him, the petitioner should then seek review in the Court of Appeals of Maryland by way of a petition for a writ of certiorari. For the federal court to step in at this point of the proceedings before the issue of lack of jurisdiction has ever been tendered by petitioner Moss to the Circuit Court for Charles County for consideration; and for this court to assume that the Circuit Court for Charles County, if the jurisdictional issue were presented to it, would rule adversely to peti-

4. This statute has since been repealed and re-enacted with amendments (1967, Chapter 729, section 1) to remove the right of the state to appeal in criminal cases, the significance of which Act will be discussed hereafter in this opinion in connection with the consideration of the petition of Ellie Siskos for habeas corpus relief. The provision relating to motor vehicle causes was unchanged by the 1967 Act.

5. Before the creation of the Court of Special Appeals of Maryland whether or not the Circuit Court had jurisdiction was an issue appealable to and subject to review by the Court of Appeals of Maryland (Johnson v. State, 1948, 191 Md. 447, 451, 62 A.2d 249).

tioner and further that the Court of Special Appeals of Maryland and the Court of Appeals of Maryland would so rule, would be unwarranted and would be to ignore the federal statutory requirement of the exhaustion of available state remedies and to subvert the reasonable, necessary and well-established objectives behind the principle of federal abstention in the interest of comity. This doctrine "contemplates only 'that controversies involving unsettled questions of state law [may] be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions,' City of Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 640, 79 S.Ct. 455, 456, 3 L.Ed.2d 562; 'that decision of the federal question be deferred until the potentially controlling state-law issue is authoritatively put to rest,' United Gas Pipe Line Co. v. Ideal Cement Co., 369 U.S. 134, 135–136, 82 S.Ct. 676, 677, 7 L.Ed.2d 623; 'that federal courts do not decide questions of constitutionality on the basis of preliminary guesses regarding local law,' Spector Motor Service, Inc. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101; 'that these enactments should be exposed to state construction or limiting interpretation before the federal courts are asked to decide upon their constitutionality,' Harrison v. NAACP, 360 U.S. 167, 168, 79 S.Ct. 1025, 1031, 3 L.Ed.2d 1152." (England v. Louisiana State Board of Medical Examiners, 1964, 375 U.S. 411, 416, f. n. 7, 84 S.Ct. 461, 11 L.Ed.2d 440).

Accordingly, the application of petitioner Moss for the issuance of a writ of habeas corpus is hereby denied.

■ Turning next to the petition of Ellie Siskos for habeas corpus relief, for the reasons heretofore discussed in detail when the court was considering the Moss petition, the court concludes that petitioner Siskos, presently released on her own recognizance, has failed to meet the statutory jurisdictional prerequisites to the seeking of habeas corpus relief. This ruling is, of course, dispositive of her petition but again to avoid piecemeal litigation of petitioner's various claims the court will consider and rule on the other issues raised by the proceedings to date.

Petitioner Siskos was arrested and charged in Montgomery County with an offense cognizable in either the Magistrate's Court or the Circuit Court for Montgomery County. She elected to proceed in the Magistrate's Court and on August 1, 1966 was tried on the charge of shoplifting (Article 27, section 551A, Annotated Code of Public General Laws of Maryland, 1957), and was found not guilty. Thereafter, the State of Maryland noted an appeal to the Circuit Court for Montgomery County, pursuant to the provisions of Article 52, section 13(b), Annotated Code of Public General Laws of Maryland, 1964 Replacement Volume. On October 13, 1966, the petitioner filed a motion in the Circuit Court for Montgomery County to dismiss said appeal on the grounds that, having been acquitted, such a proceeding placed her in double jeopardy contrary to the provisions of the Fifth Amendment to the Constitution of the United States. On December 9, 1966, the Circuit Court for Montgomery County denied Siskos's motion to dismiss. Thereafter, Siskos turned to this court seeking federal habeas corpus relief again on the ground that her constitutional rights under the Fifth Amendment to the Constitution of the United States had been violated in that the contemplated appeal by the State placed her twice in jeopardy for the same offense. In the view that this court takes of the proceedings against Siskos to date, it is not necessary nor indeed appropriate for this court to decide the double jeopardy issue.

First, it should be noted that the State of Maryland' purported to enter its appeal under the provisions of Article 52, section 13(b), which section gives the right of appeal to the State of Maryland from a judgment of acquittal or from a judgment of conviction rendered by a trial magistrate in any

case, motor vehicle causes excepted, involving any offense, crime or misdemeanor not punishable by confinement in the penitentiary and not involving a felonious intent. Therefore, section 13 (b) of Article 52 expressly authorizes an appeal by the State in a case such as that of petitioner Siskos. Furthermore, the case of Robb v. State, 1948, 190 Md. 641, 60 A.2d 211, previously referred to in this opinion is a direct holding by the Court of Appeals of Maryland that such a procedure is not violative of the Federal Constitution of the United States, the Court of Appeals reasoning that the double jeopardy protection of the Fifth Amendment is not transmitted to the States through the Fourteenth Amendment and is a further direct holding by the Court of Appeals of Maryland that such a procedure is not violative of the prohibition against double jeopardy applied in the State of Maryland as a doctrine of the common law, the Court of Appeals reasoning that the common law rule may be abrogated by statute. As recently as July 6, 1966 the Court of Appeals of Maryland refused, in effect, to review its holding in Robb when it summarily denied a petition for a writ of certiorari filed in the case of James Louis Buckler v. State of Maryland (Circuit Court for Charles County, Criminal No. 2547), in which petitioner Buckler attacked the procedure by which the state was allowed an appeal in criminal cases tried by magistrates on grounds of double jeopardy and urged "that recent decisions of the Supreme Court of the United States have increasingly held provisions of the first, fourth, fifth and sixth Amendments to the Constitution applicable to and binding upon the states through the due process clause of the Fourteenth Amendment, and it is important to the administration of justice in this State that this Court pass upon the validity of your petitioner's claims which are based on the Fifth and Fourteenth Amendments to the Constitution." Thus, at first glance, had petitioner Siskos standing to seek habeas corpus relief in this court, it would appear that she has exhausted all available state remedies and that to remand her to the state courts to challenge the appeal pending against her on the grounds of double jeopardy or denial of due process would be to require a futile and fruitless gesture. This, however, is not the case, for petitioner has available, existing state remedies which should and must be exhausted even if she were held to meet the statutory definition of standing.

As earlier indicated in this opinion, subsequent to the denial of the petition for the writ of certiorari in the Buckler case Article 5, section 30, which deals generally with the right of appeal from judgments of trial magistrates in all cases, civil, criminal and motor vehicle causes, was repealed and re-enacted with amendments, the purpose thereof expressly stated as being "to remove the right of the State to appeal from justices or magistrates in criminal cases." The reenactment reads as follows:

"Any party may appeal to the circuit court for the county from any judgment of a justice of the peace or trial magistrate of the county in any civil [, criminal] or motor vehicle] cause *and the defendant may appeal to the circuit court for the county from any conviction or sentence, including the suspension of sentence, in any cause. * * * 6

This repeal and re-enactment with amendments of Article 5, section 30, will require an interpretation of and a construction of not only that section but also of Article 52, section 13(b). As far as appears, strangely enough Article 52, section 13(b) purporting to deal specifically with appeals in criminal cases tried by magistrates has not been expressly amended so that that section still purports to give a right of appeal to the State. Are then section 30 of

6. The Bill itself contains the explanation that "*italics indicate new matter added to existing law.* [Brackets] indicate matter stricken from existing law. ~~Strike-out~~ indicates matter stricken out of bill."

Article 5 and section 13(b) of Article 52 in conflict; are they to be read in pari materia; has Article 5, section 30, being the most recent enactment, repealed by implication that portion of Article 52, section 13(b) giving a right of appeal to the State? These are all questions more properly answered by the courts of Maryland than by a federal court, whose aid is sought on the grounds of an alleged violation of constitutional rights by state statutes which have not yet been construed by the courts of the state. Moreover, the Maryland courts will be called upon and will be required to consider and to decide whether or not, if Article 5, section 30 is found controlling over Article 52, section 13(b), the repeal of the right of the State to appeal is to be applied to appeals pending but unheard and undecided as of the effective date, June 1, 1967, of the repeal and re-enactment with amendments of section 30 of Article 5. It has been held by "decisions of the Supreme Court that an express or implied repeal of the jurisdictional statute leaves both the trial court and the appellate court powerless to decide cases which at the time were pending in the trial court. Merchants' Insurance Company v. Ritchie, 5 Wall. 541, 544, 18 L.Ed. 540; The Assessors v. Osborne, 9 Wall. 567, 575, 19 L.Ed. 748; Hallowell v. Commons, 239 U.S. 506, 509, 36 S.Ct. 202, 60 L.Ed. 409. And the Supreme Court has gone so far as to hold that even where the repeal occurred after decision by the trial court, and pending review by the Supreme Court, the case must be sent back to the trial court with directions to dismiss for want of jurisdiction, for 'when the root is cut the branches fall.' Smallwood v. Gallardo, 275 U.S. 56, 62, 48 S. Ct. 23, 24, 72 L.Ed. 152; cf. Western Union Tel. Co. v. Louisville & N. R. Co., 258 U.S. 13, 19, 42 S.Ct. 258, 66 L.Ed. 437." (Seligman's Inc. v. United States, W.D.La.Monroe Division, 1939, 30 F. Supp. 895, 900). This principle was reaffirmed in Bruner v. United States, 1952, 343 U.S. 112, 116–117, 72 S.Ct. 581, 584, 96 L.Ed. 786, the Supreme Court saying "This rule—that when a

law conferring jurisdiction is repealed without any reservation as to pending cases, all cases fall with the law—has been adherred to consistently by this Court." See also: United States v. Stromberg, 5 Cir. 1955, 227 F.2d 903, 907; and Ireland v. Shipley, 1933, 165 Md. 90, 98, 166 A. 593, and Richardson v. Richardson, 1958, 217 Md. 316, 142 A.2d 550—wherein in the latter two cases the Court of Appeals of Maryland recognizes the well established rule.

■ With the question of what the law actually is and with the question of whether the present law is to be applied to pending but unheard and undecided appeals still not posed to or answered by the courts of Maryland the petitioner's application to this court is at the best premature; would be denied, had she standing, for failure to exhaust existing state remedies; and will become moot should the state courts decide that the repeal of the right to appeal from judgments of trial magistrates in criminal cases is applicable to the appeal presently pending against her. Petitioner Siskos should address herself to the Circuit Court for Montgomery County not by way of a motion to dismiss on grounds of double jeopardy as she has already done but rather by way of a motion to dismiss for lack of jurisdiction relying on section 30 of Article 5 and its possible application to pending appeals. Should the Circuit Court for Montgomery County render a decision on the jurisdictional issue adverse to petitioner Siskos she is advised to follow the path of appellate review through the courts of Maryland set out in detail earlier in this opinion when discussing the Moss petition. In the event of a series of opinions adverse to her, she will not be held by this court to have exhausted existing state remedies until she has petitioned the Court of Appeals of Maryland for review by way of writ of certiorari. Until that is done this court, even assuming petitioner Siskos had standing, would invoke the principle of federal abstention on the ground that the decision of the federal question is

best deferred until the potentially controlling state law issues are authoritatively put to rest. (United Gas Pipe Line Co. v. Ideal Cement Co., 1962, 369 U.S. 134, 135–136, 82 S.Ct. 676, 7 L.Ed. 2d 623). See also: Bell v. State of Maryland, 1964, 378 U.S. 226, 237–242, 84 S.Ct. 1814, 12 L.Ed.2d 822. At this point it might be noted that the Attorney General of the State of Maryland by written communication, in response to a question put by the court at the time of the hearing and argument in open court on the above entitled cases, has advised the court and counsel for the petitioners that in the event that this court reached the conclusion that the petitioners had failed to exhaust their state remedies the Attorney General of Maryland would cooperate fully to facilitate recourse to such remedies and that if petitioners received an adverse ruling in the Circuit Courts of their respective counties the Attorney General would recommend that the execution of any sentences imposed be suspended pending final review by the Court of Appeals of Maryland of the issues involved.

Accordingly, the application of petitioner Siskos for the issuance for a writ of habeas corpus is hereby denied.